IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HENDRICKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JARED HALL and RYAN SETTY-O'CONNOR,<br><br>Defendants. | §§§§§§§§§§§§§§§ | No. 3:22-cv-02930-S<br><br>Collective Action under 29 U.S.C. § 216(b)<br><br>JURY DEMANDED |

**MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT RYAN SETTY-O'CONNOR**

Pursuant to Fed. R. Civ. P. 55, Plaintiffs John Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba, move for default judgment against Defendant Ryan Setty-O'Connor. In support, Plaintiffs show as follows:[1]

1.  This is an overtime pay action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover back wages, liquidated/double damages, attorney fees, costs, and interest.

2.  Plaintiff Hendrickson filed this action on December 30, 2022. (Dkt. 1). Plaintiffs Calicchio, Kiser, and Torralba joined the action by filing signed consent forms shortly thereafter. (Dkt. Nos. 3, 7, 10).

3.  Plaintiffs properly served process on Defendant Setty-O'Connor. (Dkt. No. 6).

4.  Defendant Setty-O'Connor did not file an answer or otherwise make a general appearance.

---

[1] Plaintiffs are filing an appendix in support of this default judgment motion. The appendix is incorporated herein and contains Exhibits 1-5, which are the declarations of the four Plaintiffs and Plaintiffs' counsel.

**MOTION FOR DEFAULT JUDGMENT**                                                                                                  Page 1

5.  Pursuant to the Court's Local Rules, prior to the filing of this motion, Plaintiffs requested the Clerk to enter a default against Defendant Setty-O'Connor (Dkt. 8), which is incorporated herein.

6.  On January 26, 2023, the Clerk issued its Entry of Default against Defendant Setty-O'Connor. (Dkt. 9).

7.  Defendant Setty-O'Connor is not an infant, an incompetent person, or in military service. *See* 50 U.S.C. §521(b)(1); Fed. R. Civ. P. 55(b)(1), (e); *see also* Ex. 6.

8.  In support of Plaintiffs' motion for default judgment, attached hereto as **Exhibits 1** - **4** are the declarations of Plaintiffs, which show that:

    a.  Plaintiffs were employed by Defendant Setty-O'Connor;

    b.  During their employment with Defendant Setty-O'Connor, Defendant Setty-O'Connor paid them by the hour (Plaintiffs Hendrickson and Calicchio) or a salary (Plaintiffs Kiser and Torralba); and

    c.  Plaintiffs regularly worked over 40 hours in a workweek for Defendants without being paid an overtime premium of at least one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

9.  Because Defendant Setty-O'Connor paid Plaintiffs Hendrickson and Calicchio a straight hourly rate for hours worked but no overtime premium, the back wages owed to these Plaintiffs may be calculated by multiplying the hours worked over 40 in a workweek by one-half of Plaintiffs' respective regular rates. *See* 29 C.F.R. § 778.110 (calculating overtime for hourly rate employees).

10. For Plaintiffs Kiser and Torralba, who were paid a salary, the overtime wages owed to them are calculated by applying 29 C.F.R. § 778.113:

> the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350 divided by 35 hours, or $10 an hour, and when the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and

one-half times $10) for each hour thereafter. If an employee is hired at a salary of $375 for a 40-hour week the regular rate is $9.38 an hour.

11.     Plaintiffs applied 29 C.F.R. § 778.110 and 29 C.F.R. § 778.113 to calculate their respective back wages for overtime pay as their declarations illustrate.

12.     When a defendant fails or refuses to maintain accurate or complete records, as is the case here, an employee need only "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). An employee is required to provide only a reasonable approximation of the number of hours worked for which compensation is owed. *Id*. The court may then award damages to the employee, even though the result be only approximate. *Id.* at 688.

13.     Plaintiffs Hendrickson and Calicchio, who Defendant Setty-O'Connor paid on an hourly basis, used their customary work schedule to estimate hours worked per week and the approximate duration of employment to arrive at their number of overtime hours worked.  *See* Exs. 1-2. Plaintiff Kiser, who Defendant Setty-O'Connor paid on salary intended to cover 40 hours per week, used his customary work schedule of approximately 60 hours per week and duration of employment to arrive at his number of overtime hours worked. *See* Ex. 2 at ¶¶ 3, 5-6, Kiser Decl. Plaintiff Torralba, who Defendant Setty-O'Connor paid on salary intended to cover 50 hours per week, used her customary work schedule of approximately 55 hours per week and duration of employment to arrive at her number of overtime hours worked. *See* Ex. 4 at ¶¶ 3, 5-6, Torralba Decl.

14.     An employee who demonstrates an FLSA violation is entitled to recover an equal amount of liquidated damages in addition to his/her back wages. *See* 29 U.S.C. § 216(b). "Double damages are the norm." *Carmack v. Park Cities Healthcare, LLC*, 321 F. Supp. 3d 689, 707 (N.D. Tex. 2018). This is because the FLSA's liquidated damages provision provides compensation for an employer's failure to timely pay workers. *See* 29 C.F.R. § 790.22(a) n.137 (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942)). These damages are not punitive, but

rather compensatory in nature. *See Brooklyn Savs. Bank*, 324 U.S. at 707. An award of liquidated damages is mandatory when a defendant fails to plead and prove good faith. *Montes v. Metro Materials & Mach.*, LLC, No. 6:18-CV-00367-RWS, 2018 WL 6737416, at *3 (E.D. Tex. Oct. 12, 2018) (citing 29 U.S.C. § 216(b)) (citing cases).

15. In addition, as set forth in Plaintiffs' Complaint, Defendant Setty-O'Connor's FLSA violations were made knowingly and willfully. When an employer commits a willful FLSA violation, liquidated damages are mandatory. *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 401 (5th Cir. 2002) ("We hold that the plain language of the [the FLSA and ADEA] requires the interpretation that liquidated damages in an amount equal to the backpay award are mandatory upon a finding of willfulness.").

16. In this action, as a result of Defendant Setty-O'Connor's FLSA violations, the damages of the Plaintiffs for unpaid overtime wages, liquidated damages, and unpaid final paychecks, as supported by Exhibits 1 – 4 is as follows:

| Exhibit | Plaintiff | Unpaid Overtime Hours | Back Wages | Back Wages + Liquidated Damages | Back Wages + Liquidated Damages + Final Paycheck |
|---|---|---|---|---|---|
| 1 | Hendrickson | 310 | $3,875.00 | $7,750.00 | $9,750.00 |
| 2 | Calicchio | 320 | $4,800.00 | $9,600.00 | $10,800.00 |
| 3 | Kiser | 260 | $10,311.60 | $20,623.20 | $22,738.58 |
| 4 | Torralba | 315 | $7,318.50 | $14,637.00 | $17,425.46 |
|  | **Subtotal** |  | **$26,305.10** | **$52,610.20** | **$60,714.04** |

17. Plaintiffs also have pleaded for an award of attorneys' fees and costs and are entitled to a mandatory award of attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), in the amount of $6,440.00 in fees and $497.00 in costs and expenses. Attached hereto as **Exhibit 5** is the declaration of Travis Gasper in support of attorneys' fees and costs in this matter. Plaintiffs do not seek a lodestar increase or decrease.

18. Finally, Plaintiffs have pleaded for an award of post-judgment interest and an award of post-judgment interest is mandatory under 28 U.S.C. § 1961. *See Meaux Surface Protection, Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). This interest is calculated from the date of the entry of judgment at a rate published by the Board of Governors of the Federal Reserve System. *Id.* at § 1961(a). For the week ending April 14, 2023, the interest rate is 4.68%. *See* http://www.txnd.uscourts.gov/post-judgment-rates.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter default judgment against Defendants on the causes of action pleaded in Plaintiffs' Original Complaint for $60,714.04 in actual and liquidated damages, $6,440.00 in attorney's fees, and $497.00 in costs of court and expenses, plus post-judgment interest, and for all such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Travis Gasper*
**Travis Gasper**
Texas Bar No. 24096881
GASPER LAW, PLLC
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
phone: (972) 504-1420
fax: (833) 957-2957
travis@travisgasper.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on April 26, 2023, a copy of the foregoing was served on Defendants by U.S. mail as follows:

Jared Hall
1717 Caddo Street, #105
Dallas, TX 75204

Ryan Setty-O'Connor
2001 Oak Bluff Drive
Arlington, TX 76006

/s/ *Travis Gasper*
Travis Gasper