IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN P. HENDRICKSON,           §
individually and on behalf of all   §
others similarly situated,          §
                                §
        Plaintiffs,              §
                                §
V.                              §           No. 3:22-cv-2930-S-BN
                                §
JARED HALL and RYAN           §
SETTY-O'CONNOR,               §
                                §
        Defendants.             §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 12.

Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba have filed a motion for default judgment against Defendant Ryan Setty-O'Connor. *See* Dkt. No. 14.

For the reasons explained below, the Court should deny the motion.

### Background

On December 30, 2022, Plaintiff John P. Hendrickson filed a complaint, on behalf of himself and all others similarly situated, for overtime compensation under the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1. Although the complaint asserts collective allegations, it does not name any plaintiffs other than

Hendrickson.

Hendrickson also filed consents for three opt-in plaintiffs: Anita Calicchio, Claudia Torralba and Riley Kiser (the "opt-in plaintiffs"). *See* Dkt. Nos. 3, 7 and 10, respectively.

Defendant Ryan Setty-O'Connor was served with a citation on January 4, 2023. *See* Dkt. No. 6. He has not filed an answer or other responsive pleadings.

The Clerk of Court made entry of default against Ryan Setty-O'Connor on January 26, 2023. *See* Dkt. No. 9.

Hendrickson and the opt-in plaintiffs seek default judgment and damages against Ryan Setty-O'Connor. *See* Dkt. No. 14.

## Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish:

(1)   that the defendant has been served with the summons and complaint and that default was entered for its failure to appear;

(2)   that the defendant is neither a minor nor an incompetent person;

(3)   that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and

(4)   that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing.

*See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at \*2-\*3 (N.D. Tex. Jan. 14, 2013).

The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*
>
> The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

*Arch Ins. Co.*, 2013 WL 145502, at \*2-\*3.

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are

clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

Further, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey,* 161 F.3d at 893.

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

I.   <u>The Court has subject matter jurisdiction and personal jurisdiction.</u>

Plaintiffs have shown there is jurisdiction over the subject matter and over

-4-

the parties. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this is a "civil action[] arising under the ... laws ... of the United States." 28 U.S.C. § 1331. Specifically, this is a civil action arising under the FLSA, a federal law.

II.    <u>The procedural requirements for default judgment have been met.</u>

Plaintiffs have satisfied the prerequisites for entry of default judgment against Ryan Setty-O'Connor.

Setty-O'Connor was served with the complaint and summons by hand-delivery at his residence address on January 4, 2023. *See* Dkt. No. 6.

In a Soldiers and Sailors Declaration, Plaintiff's counsel states that upon information and belief, Setty-O'Connor is not on active military duty or presently enlisted in any branch of the military. See Dkt. No. 14-6.

There is no evidence in the record to suggest that Setty-O'Connor is a minor or incompetent person.

Ryan Setty-O'Connor has not filed an answer or other responsive pleadings.

And the Clerk of Court made entry of default against Ryan Setty-O'Connor on January 26, 2023. *See* Dkt. No. 9.

III.    <u>The pleadings do not support default judgment.</u>

The Court should deny the motion for default judgment because there are no factual allegations in the pleadings to support default judgment in favor of the opt-in plaintiffs.

The Court takes as true the facts asserted by a plaintiff against a defaulting

defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendants, by their default, admit the plaintiff's well-pleaded allegations of fact. *See id.*

That principle is firmly established, but it is not without limits. *See id.* Even when a defendant is in default, a plaintiff is not "'entitled to a default judgment as a matter of right.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"A defaulting defendant is deemed to admit a plaintiff's factual allegations, but the district court still may inquire whether those allegations demonstrate legal liability." *Id.* at 489. Thus, even if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted. *See id.* at 493.

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. (8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of

what the claim is and the grounds on which it rests." *Id.*

Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up)).

The Court has authority to enter default judgment in favor of defendant Ryan Setty-O'Connor and for the named plaintiff, John P. Hendrickson. *See Rodney v. Digital Media, Inc.,* No. 1:18-CV-1644-MHC, 2019 WL 5106277, at *3 (N.D. Ga. June 11, 2019) (quoting *Tajeda v. La Selecta Bakery, Inc.* No. 17-CV-5882 (CBA) (RER), 2019 WL 2343909, at *2 (E.D.N.Y. May 1, 2019)) (citing cases). And the filing of written consent by an opt-in plaintiff is sufficient to confer party-plaintiff status. *See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 (5th Cir. 2008); 29 U.S.C. § 216(b).

But, in FLSA suits brought as putative collective actions, courts have expressed concern about whether opt-in plaintiffs are entitled to default judgment on a complaint in which they are not named but where the intent to proceed as a collective action is clear. *See Rodney* 2019 WL 5106277, at *3 (quoting *Tajeda*, 2019 WL 2343909, at *2).

Where default judgment is sought on behalf of unnamed opt-in plaintiffs, absent certification of a class or other collective action, most courts conclude that plaintiffs should first amend the complaint to add the opt-in plaintiffs as named plaintiffs and should serve the amended complaint on defendants to afford them the

-7-

chance to respond. *See Rodney*, 2019 WL 5106277, at *4 (citing cases, including *James v. Clairborne*, No. 07-1570, 2009 WL 994951, at *4-*5 (W.D. La. Apr. 13, 2009)); *cf. Klick v. Cenikor Found.*, 79 F.4th 433, 439-40 (5th Cir. 2023) (explaining Fifth Circuit law governing a district court's decision to allow an FLSA case to proceed as a collective action after *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 439 (5th Cir. 2021)); *Loy v. Rehab Synergies, L.L.C.*, 71 F.4th 329, 335-37 (5th Cir. 2023) (same).

The opt-in plaintiffs attach declarations to the motion for default judgment in which they allege facts in support of FLSA overtime claims – presumably what they would plead in a complaint. *See* Dkt. Nos. 14-2, 14-3, 14-4. And the motion was served on Defendant Ryan Setty-O'Connor. *See* Dkt. No. 14 at 6.

But that is not enough. The Court must find sufficient factual allegations in the complaint to support findings of liability in favor of the opt-in plaintiffs. Because the opt-in plaintiffs are not named plaintiffs in the complaint and there are no allegations in the complaint to support claims that defendants failed to pay each of these opt-in plaintiffs overtime in violation of the FLSA, the pleadings do not support default judgment in the opt-in plaintiffs' favor.

When the pleadings support default judgment for the named plaintiff but not the opt-in plaintiffs, courts have declined to grant default judgment in favor of only the named plaintiff. *See Rodney*, 2019 WL 5106277, at *4 ("[C]ourts caution against granting default judgment only to the named plaintiffs, due to the uncertainty as to whether the court could continue to adjudicate the FLSA collective action after

having done so."); *Tejada,* 2019 WL 2343909, at *3 ("Here, an abundance of caution is warranted because there is no evidence that the named plaintiff now intends the case to proceed on an individual basis; to the contrary, he seeks default judgment both for himself and the opt-in plaintiffs.") (cleaned up); *Ntalianas v. B&A Contracting of Landmark, Inc.,* No. CV 16-5934 (ADS) (GRB), 2018 WL 1701960, at *5 (E.D.N.Y. Feb. 26, 2018) ("[E]ntry of default judgment now in favor of the named plaintiffs may trigger the mootness doctrine and foreclose the opt-in plaintiffs' ability to amend and recover damages."); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5474 (ENV) (PK), 2017 WL 1365121, at *6 (E.D.N.Y. Mar. 10, 2017) ("When courts have denied motions for default judgment by FLSA opt-in plaintiffs and allowed for amendment of the complaint, those court have also deferred granting default judgment to the original defendant until after the opt-in plaintiffs are formally joined and the defendants have been duly served with the amended complaint.").

Because default judgment is a harsh remedy, the undersigned concludes default judgment should not be granted without a clear indication that Ryan Setty-O'Connor had notice of and failed to respond to the opt-in plaintiffs' allegations. And, so, the undersigned recommends the Court deny the motion for default judgment against both Hendrickson and the opt-in plaintiffs.

## Recommendation

The Motion for Default Judgment [Dkt. No. 14] should be DENIED and Plaintiffs should be given the opportunity to amend the complaint to add the opt-in

plaintiffs as named plaintiffs and allow the opt-in plaintiffs to state their claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE