IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:22-cv-2930-S-BN |
| JARED HALL and RYAN SETTY-O'CONNOR, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON BANKRUPTCY STAY AND ADMINISTRATIVELY CLOSING CASE**

Plaintiff John P. Hendrickson has filed a Suggestion of Bankruptcy reporting that, "on September 26, 2023, Defendant Ryan Setty-O'Connor filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Case No. 23-42882-elm7," and that "[t]he automatic stay provisions of 11 U.S.C. § 362 apply to the instant case. Dkt. No. 17 at 1. Hendrickson "asks the Court to direct the Clerk to administratively close this case without prejudice to its being reopened once the bankruptcy proceeding is concluded or the stay is lifted." *Id.*

11 U.S.C. § 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control

-1-

over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally forestalls any action against debtors in bankruptcy. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

Under the particular circumstances of this case, the Court determines that, in the interest of justice and to appropriately control the Court's docket, this case should be stayed until the automatic stay as to Defendant Ryan Setty-O'Connor is lifted, either by conclusion of the bankruptcy or an order from the bankruptcy court granting relief from the automatic stay. After the stay is lifted, the Court will enter a new scheduling order.

The Court ORDERS that, because the claims against Defendant Ryan Setty-O'Connor in this case are subject to 11 U.S.C. § 362(a)'s automatic stay protections and, in an exercise of the Court's sound discretion, the case should be stayed, subject to this stay being lifted upon the motion of any party once the 11 U.S.C. § 362 automatic stay is lifted – either by conclusion of the bankruptcy or on order from the bankruptcy court granting relief from the automatic stay – and all pending, unexpired deadlines are terminated.

Rather than abate the case, the Court will administratively close this case so that it does not continue to age. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed or abated; but, if it is administratively closed, the time is tolled with the case's age. The Court administratively closes this

case and instructs the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Any party may move to reopen the case and lift the stay as appropriate based on further developments. The right to seek the lifting of the stay and reopening of the case will continue until the earlier of 60 days after Defendant Ryan Setty-O'Connor's bankruptcy proceedings are concluded or 60 days after entry of an order from the bankruptcy court granting relief from the automatic stay.

Every **60 days** after the date of entry of this order, Plaintiff John P. Hendrickson must file a joint status report concerning the bankruptcy proceedings involving Defendant Ryan Setty-O'Connor, as those proceedings relate to this action.

SO ORDERED.

DATED: October 16, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE