IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN P. HENDRICKSON**, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | **CIVIL ACTION NO. 3:22-cv-2930-S-BN** |
| v. | § § § | **Collective Action under 29 U.S.C. § 216(b)** |
| **RYAN SETTY-O'CONNOR**, | § § § | **JURY DEMANDED** |
| Defendant. | § § § | |

## PLAINTIFFS' STATUS REPORT

Plaintiff, John P. Hendrickson, individually on behalf of all others similarly situated ("Plaintiffs"), files this Status Report and respectfully shows the Court as follows:

On February 14, 2024, the Court ordered the parties to file "a joint status report explaining their views on whether the Court should—based on the updates in Plaintiff John P. Hendrickson's [20] latest Status Report Concerning Defendant's Bankruptcy Proceedings—lift the stay and reopen this case on Friday, February 23, 2024 (a bit more than 60 days after the reported date of closing the bankruptcy case), consistent with the Court's [18] Memorandum Opinion and Order on Bankruptcy Stay and Administratively Closing Case." *See* Dkt. No. 21.[1]

Defendant Ryan Setty-O'Connor ("Setty-O'Connor"), was served on January 4, 2023, *see* Dkt. No. 6, but never filed a responsive pleading, nor has he otherwise appeared in this matter. On January 26, 2023, the Clerk entered a default against Setty-O'Connor. *See* Dkt. No. 9. Plaintiff's counsel is unaware whether Setty-O'Connor has any intention of defending himself in this matter, whether through counsel or *pro se*.[2]

---

[1] The undersigned acknowledges that the joint status report was to be filed by February 21, 2024, and apologizes to the Court for the delayed filing. As explained below, counsel delayed filing with the hope that Defendant would communicate with him and a *Joint* Status Report could be filed. Unfortunately, that did not happen, and thus, *Plaintiffs'* Status Report is being filed.

[2] Plaintiffs' counsel attended the October 18, 2023 meeting of the creditors in Defendant's bankruptcy proceeding and was able to ask questions of Defendant, who answered under oath. Defendant confirmed receiving service of the lawsuit,

**PLAINTIFFS' STATUS REPORT**                                                                                                                                                  **Page 1**

On February 15, 2024, Plaintiffs' counsel emailed Derek Prosser, bankruptcy counsel for Defendant, requesting he forward the email to Setty-O'Connor. *See* Ex. A. The email requested Defendant—or, if he was represented by counsel, Defendant's counsel—to contact Plaintiffs' counsel right away, explaining that this Court had entered an order requiring the parties file a joint status report very soon. *Id.* It also included the text of the electronic order (Dkt. No. 21) and attached a copy of the Court's October 16, 2023 Memorandum Opinion and Order (Dkt. No. 18). *Id.* Although Plaintiffs' counsel can confirm that Mr. Prosser opened the email, counsel did not receive a response from him.

Consequently, Plaintiffs' counsel ran a public records search to locate possible email addresses for Defendant. Up to this point, the only email address counsel had for Defendant was one associated with his work at Merlux Pools, which is no longer in operation and has also declared bankruptcy. The public records search found three different email addresses associated with Defendant.

Plaintiffs' counsel sent an identical email to all three email addresses found in public records for Defendant, similar to the one sent to Mr. Prosser. *See* Ex. B at 1. The email was sent on February 18, 2024, via RMail, which provides proof of sending. *Id.* at 2. RMail also provides a Registered Receipt containing verifiable proof of delivery, message and attachment content, and official time of sending and receipt. *Id.* at 3–6. As shown on the Registered Receipt, the message sent to "pjsjms316@aol.com" failed. *Id.* at 3. The email sent to "takechopperflight@gmail.com" was delivered but not opened. *Id.* However, the email sent to "rsetty@me.com" was both delivered and opened the same day it was sent. Nevertheless, Defendant has not contacted Plaintiffs' counsel.

As this Court is aware, before receiving notice of Defendant's bankruptcy filing and the automatic stay, Plaintiffs had filed a motion for default judgment against Defendant seeking to recover their unpaid wages. Dkt. No. 14. Plaintiffs' counsel had already revised that motion in accordance with the Findings, Conclusions, and Recommendations of the Magistrate Judge, *see* Dkt. No. 15, and was preparing to file an amended motion for default judgment against Defendant, when Plaintiffs received notice of Defendant's bankruptcy filing and automatic stay, which Plaintiffs notified this Court of on October 16, 2023. *See* Dkt. No. 16.

---

but stated he never filed an answer or otherwise defended himself in the present matter because he knew he would soon be filing bankruptcy.

**PLAINTIFFS' STATUS REPORT**                                                                                                         Page 2

Plaintiffs' views are that this Court should lift the stay and reopen this case on February 23, 2024, consistent with the Court's Memorandum Opinion and Order on Bankruptcy Stay and Administratively Closing Case.[3]

Respectfully submitted,

**GASPER LAW PLLC**

By: */s/ Travis Gasper*
    **Travis Gasper**
    Texas Bar No. 24096881
    Gasper Law PLLC
    1408 N. Riverfront Blvd., Suite 323
    Dallas, Texas 75207
    Phone: (469) 663-7736
    Fax: (833) 957-2957
    Email: travis@travisgasper.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2024, a copy of the foregoing will be served on Defendant by USPS First Class Mail as follows:

    **Ryan Setty-O'Connor**
    **2001 Oak Bluff Drive**
    **Arlington, TX 76006**

I certify that on February 22, 2024, a copy of the foregoing was served on Defendant by RMail Registered Email to **rsetty@me.com**.

*/s/ Travis Gasper*
Travis Gasper

---

[3] If the Court wishes for Plaintiffs to attempt additional methods of Defendant by additional methods (other than those already used, which include an email Defendant received and opened), Plaintiffs request that the Court order them to do so only by certified mail and not by other more costly methods. As of the date of filing Plaintiffs' motion for default judgment, Gasper Law PLLC had incurred nearly $500.00 in case-related costs that, at this point, it may never recover (to say nothing of the attorneys' fees incurred for time spent in the prosecution of Plaintiffs' claims against Defendant).