IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba, | § § § | |
| Plaintiffs, | § § | No. 3:22-cv-02930-S-BN |
| v. | § § | JURY DEMANDED |
| Ryan Setty-O'Connor, | § § § | |
| Defendant. | § | |

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba file this Amended Complaint under the Fair Labor Standards Act and the Texas Labor Code against Defendant Ryan Setty-O'Connor and would show the Court the following:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiffs for all hours worked at the rates required by the FLSA. Plaintiffs routinely worked in excess of 40 hours per week but were not

paid overtime for doing this excessive work. Instead, Defendant paid Plaintiffs the same hourly rate of pay, regardless of hours worked ("Straight Time for Overtime") and/or misclassified Plaintiffs as exempt from overtime under FLSA and failed to pay proper regard to the number of hours Plaintiffs actually worked or guarantee proper payment of minimum and overtime wages.

3. Defendant also violated the Texas Labor Code and Texas Payday Law by failing to pay minimum wages and to pay in full Plaintiffs who were discharged from employment.

## II.   PARTIES

4. Plaintiff John P. Hendrickson is an individual residing in Texas who was employed by Defendant within the meaning of the FLSA and Texas Labor Code. His consent to proceed in this action was previously filed. *See* Dkt. No. 1-1.

5. Plaintiff Anita Calicchio is an individual residing in Texas who was employed by Defendant within the meaning of the FLSA and Texas Labor Code. Her consent to proceed in this action was previous filed. *See* Dkt. No. 3-1.sff

6. Plaintiff Riley Kiser is an individual residing in Texas who was employed by Defendant within the meaning of the FLSA and Texas Labor Code. His consent to proceed in this action was previously filed. *See* Dkt. No. 10-1.

7. Plaintiff Claudia Torralba is an individual residing in Texas who was employed by Defendant within the meaning of the FLSA and Texas Labor Code. Her consent to proceed in this action was previous filed. *See* Dkt. No. 7-1.

8. Defendant Ryan Setty-O'Connor is an individual residing in Texas and can be served with process at 2001 Oak Bluff Drive, Arlington, Texas 76006, or wherever he may be found.

## III.   JURISDICTION AND VENUE

9. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has jurisdiction over the Texas Labor Code claim pursuant to 28 U.S.C. § 1367(a) because it forms part of the same case or controversy and arises out of the same facts as the FLSA claim.

11. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

### IV.  COVERAGE UNDER THE FLSA

12. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

13. At all times hereinafter mentioned, Defendant has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

### V.  FACTUAL ALLEGATIONS

17. Defendant Ryan Setty-O'Connor ("Setty-O'Connor") was Co-owner and Director of Business Development of MerLux Pools, LLC ("MerLux"). In these capacities, he had the power to

hire and fire MerLux employees and had this power over Plaintiffs during the course of their relevant employment. Defendant Setty-O'Connor was in charge of Plaintiffs' schedules, supervised their work, failed to pay overtime and minimum wages as required by federal and state law, and had knowledge of the overtime hours worked by Plaintiffs but failed to provide proper redress or lawful pay for this excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

18. Plaintiff Hendrickson regularly worked 40 or more hours in a workweek during the Relevant Time Period at Defendant's place of business and/or at the homes of Defendant's customers. In fact, Plaintiff Hendrickson often worked approximately 50 hours or more in a given week. However, Plaintiff Hendrickson was not paid lawfully for doing this excess work. Instead, he was paid on an hourly basis and was paid the same amount per hour without regard to whether he worked over 40 hours in a single week (i.e., "Straight Time for Overtime"). Defendant knew that Plaintiff Hendrickson worked in excess of 40 hours per week and allowed and directed him to work these excessive hours without paying overtime as required by the FLSA. Defendant also never paid Plaintiff Hendrickson his final paycheck, which should have been approximately $2,000.00.

19. Plaintiff Calicchio regularly worked 40 or more hours in a workweek during the Relevant Time Period at Defendant's place of business and/or at the homes of Defendant's customers. In fact, Plaintiff Calicchio often worked approximately 60 hours or more in a given week. However, Plaintiff Calicchio was not paid lawfully for doing this excess work. Instead, she was paid on an hourly basis and was paid the same amount per hour without regard to whether she worked over 40 hours in a single week (i.e., "Straight Time for Overtime"). Defendant knew that Plaintiff Calicchio worked in excess of 40 hours per week and allowed and directed her to work these excessive hours without paying overtime as required by the FLSA. Defendant also never paid Plaintiff Calicchio her final paycheck, which should have been approximately $1,200.00.

20. Plaintiff Kiser regularly worked 40 or more hours in a workweek during the Relevant Time Period at Defendant's place of business and/or at the homes of Defendant's customers. In fact, Plaintiff Kiser often worked an average of 60 hours in a given week. However, Plaintiff Kiser was not paid lawfully for doing this excess work. Instead, he was paid on a salary basis that was intended to compensate him for working only 40 hours in a workweek. Defendant knew that Plaintiff Kiser worked in excess of 40 hours per week and allowed and directed him to work these excessive hours without paying overtime as required by the FLSA. Defendant also never paid Plaintiff Kiser his final paycheck, which should have been approximately $2,115.38.

21. Plaintiff Torralba regularly worked 40 or more hours in a workweek during the Relevant Time Period at Defendant's place of business and/or at the homes of Defendant's customers. In fact, Plaintiff Torralba often worked an average of 55 hours in a given week. However, Plaintiff Torralba was not paid lawfully for doing this excess work. Instead, she was paid on a salary basis that was intended to compensate him for working only 50 hours in a workweek. Defendant knew that Plaintiff Kiser worked in excess of 50 hours per week and allowed and directed her to work these excessive hours without paying overtime as required by the FLSA. Defendant also never paid Plaintiff Torralba her final paycheck, which should have been approximately $2,788.46.

22. At all times, Plaintiffs Kiser and Torralba were misclassified by Defendant as overtime exempt employees. However, their duties made them non-exempt employees under the FLSA because they:

   a. did not exercise discretion or independent judgment with respect to matters of significance or in performing their primary duties;

   b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   c. did not carry out major assignments in conducting the operations of the business;

   d. did not perform work that affects business operations to a substantial degree;

  e. did not have the authority to commit the employer in matters that have significant financial impact;

  f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

  g. did not have the authority to negotiate and bind the company on significant matters;

  h. did not provide consultation or expert advice to management;

  i. were not involved in planning long- or short-term business objectives;

  j. did not investigate or resolve matters of significance on behalf of management; and

  k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

23. Plaintiffs were not lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA because Defendant paid them Straight Time for Overtime and/or misclassified them as exempt from the overtime provisions of the FLSA. Plaintiffs routinely worked in excess of 40 hours per week but were not paid one-and-one-half their regular rates of pay for all of their excessive hours.

24. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs overtime compensation. Defendant's failure to pay overtime compensation to these employees was not reasonable nor was the decision not to pay overtime made in good faith.

25. Defendant is liable for Plaintiffs' unpaid overtime wages in an amount equal to one-and-one-half times their rate of pay, plus liquidated damages in an amount equal to the unpaid overtime wages, expert witness fees, attorney's fees, costs, and pre- and post-judgment interest at the highest rates allowed by law.

26. Defendant failed to pay and has yet to pay Plaintiffs their final paychecks and is liable for Plaintiffs' final pay plus any and all penalties and interest at the highest rates allowed by law.

## VI.     CAUSES OF ACTION

### COUNT I
### Failure to Pay Overtime Wages in Violation of the FLSA

27.     Plaintiffs reallege and incorporate the previous paragraphs as if fully set forth herein.

28.     The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

29.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable nor was the decision not to pay overtime made in good faith.

30.     Defendant is liable for Plaintiffs' unpaid overtime wages in an amount equal to one-and-one-half times their rate of pay, plus liquidated damages in an amount equal to the unpaid overtime wages, expert witness fees, attorney's fees, costs, and pre- and post-judgment interest at the highest rates allowed by law.

### COUNT II
### Failure to Pay Final Pay and Minimum Wage in Violation of the Texas Labor Code

31.     Plaintiffs reallege and incorporate the previous paragraphs as if fully set forth herein.

32.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the Texas Labor Code.

33.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the Section 61.001 of the Texas Labor Code.

34.     Section 61.004 of the Texas Labor Code requires employers to pay terminated employees in full within six days after the date of discharge and requires employers to pay an employee who leaves voluntarily within the date of the next scheduled payday.

35.     Defendant failed to pay Plaintiffs for the final pay period in which they worked.

36. To date, Defendant has not paid Plaintiffs their final paychecks, and the time period specified in section 61.014 of the Texas Labor Code has expired.

37. Section 62.051 of the Texas Labor Code requires employers to pay each employee the federal minimum wage under the FLSA.

38. Despite the entitlement of Plaintiffs to minimum wage under the FLSA through the Texas Labor Code, Defendant failed to pay Plaintiffs minimum wages and their final paychecks. The acts described in the preceding paragraphs violate the Texas Labor Code and Texas Payday Law, which require that employer pay in full an employee who is discharged from employment not later than the sixth day after the date the employee is discharged.

### VII. JURY DEMAND

39. Plaintiffs demand a trial by jury.

### VIII. RELIEF SOUGHT

40. WHEREFORE, cause having been shown, Plaintiffs prays for judgment against Defendant, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), finding Defendant liable for unpaid back wages and for liquidated damages equal in amount to the unpaid back wages found due to Plaintiffs;

b. For an Order awarding Plaintiffs the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiffs attorney's fees;

d. For an Order awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiffs their unpaid wages and penalties and interest under the Texas Labor Code; and

   f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Dated: February 23, 2024.   Respectfully submitted,

        **GASPER LAW PLLC**

        By: */s/ Travis Gasper*
          Travis Gasper
          Texas Bar No. 24096881
          1408 N. Riverfront Blvd., Suite 323
          Dallas, Texas 75207
          Phone: (469) 663-7736
          Email: travis@travisgasper.com

        **ATTORNEY FOR PLAINTIFFS**