IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:22-cv-2930-S-BN |
| RYAN SETTY-O'CONNOR, | § § § | |
| Defendant. | § | |

## ORDER SETTING BRIEFING SCHEDULE

Defendant Ryan Setty-O'Connor has filed a motion to dismiss all claims asserted by Plaintiff John Hendrickson, individually and on behalf of all others similarly situated, in his Amended Complaint. *See* Defendant's Motion to Dismiss [Dkt. No. 29]. Accordingly, Defendant's deadline to serve a responsive pleading to Plaintiff's Amended Complaint [Dkt. No. 25] is stayed pending the Court's disposition of the motion. See FED. R. CIV. P. 12(a)(4).

Plaintiff must file a written response to the motion by **April 25, 2024**. The response must be accompanied by or incorporate a brief, and the response and the brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities.

Defendant may file a reply brief, but no additional documents, by **May 10, 2024**. The reply must not exceed 15 pages in length.

No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion to dismiss or response thereto without leave of court except to the extent permitted without leave of court by Federal Rule of Civil Procedure 15(a)(1).

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the Court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion. Any party who desires oral argument must file a written request with the Court by **May 10, 2024**.

With regard to possible oral argument, the undersigned notes a trend today in which fewer cases go to trial and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed significantly to the underlying motion or

response. In those instances in which the undersigned is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case. Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any questions concerning the requirements of this order may be directed to Ms. Todd. Attorneys and parties <u>should not</u> contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected.

Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

The failure to comply with any part of this order may result in the imposition of sanctions, s*ee* F<small>ED</small>. R. C<small>IV</small>. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: March 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE