IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba,** | § § § | |
| **Plaintiffs,** | § § | No. 3:22-cv-02930-S-BN |
| v. | § § | |
| **Ryan Setty-O'Connor,** | § § § | JURY DEMANDED |
| **Defendant.** | § § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs ask the Court to deny Defendant's Motion to Dismiss (Dkt. No. 29).

### I.  INTRODUCTION

Plaintiffs are John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba. Defendant is Ryan Setty-O'Connor. Plaintiffs sued Defendant, their former employer, for failing to pay them for all hours worked at the rates required by the Fair Labor Standards Act ("FLSA") and for failure to pay minimum wages and to pay them in full as required by the Texas Labor Code. (Dkt. No. 25.)

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing that Plaintiffs' claims are barred by Defendant's bankruptcy discharge under 11 U.S.C. § 524. (*See generally* Dkt. No. 29.)

### II.  LEGAL STANDARD

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiffs. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's

motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555–56. The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiffs. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

The Bankruptcy Code allows a debtor to discharge all debts incurred prior to bankruptcy, subject to certain exceptions. *See* 11 U.S.C. § 727(b); *In re Greenway*, 71 F.3d 1177, 1179 (5th Cir. 1996). One of the exceptions forbids discharge of a debt when the debtor fails to list the creditor and the debt on applicable schedules. *See* 11 U.S.C. § 523(a)(2)(A).[1]

### III. ARGUMENT

A review of Defendant's bankruptcy filings and Defendant's filings in the instant matter (after being in default and filing nothing for over a year) reveal Defendant to be nothing if not consistent— consistent in demonstrating a lack of diligence in adhering to procedural rules; consistent in attempts to obfuscate the truth through cherry-picking of information; and consistent in a troubling pattern of selective disclosure and partial presentation of facts that threaten to impede the fair administration of justice. The undersigned does not make this statement flippantly or to gain favor with the Court, but because, as explained below, the rights of four hardworking individuals are at stake here, and regardless of the outcome Defendant's motion, the Court should have a truthful account before it in order to make its decision.

**A.    Factual Inaccuracies in Defendant's Motion to Dismiss.**

Before proceeding any further, it is necessary for Plaintiffs to identify several factual inaccuracies in Defendant's motion:

1. "Plaintiffs and their counsel, Mr. Gaspar [sic], are listed on the schedule of unsecured claims." (Dkt. No. 29 at 3, *citing* Dkt. No. 26.)

---

[1] The statute provides, "A discharge . . . does not discharge an individual from any debt . . . neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim . . ." 11 U.S.C. § 523(a)(2)(A).

2. Defendant's "bankruptcy was discharged as to all claims against him, including Plaintiffs['] claims in this suit, which were included in such discharge." (Dkt. No. 29 at 3.)

3. "Plaintiffs failed to take any actions to preserve their claims against" Defendant. (Dkt. No. 29 at 3, *citing* Dkt. No. 26.)

These inaccuracies will be addressed and corrected below.

B. **Defendant's bankruptcy petition fails to list Plaintiffs' claims as *Priority* Unsecured Claims.**

Claims given priority pursuant to Section 507 of the Bankruptcy Code reflect policy considerations that certain claims should be satisfied before others. Claims given fourth priority are wages, salaries, or commissions up to $15,150 for each employee, earned within 180 days before the date of filing. 11 U.S.C. § 507(a)(4). But on Schedule E/F of Defendant's bankruptcy filing ("Creditors Who Have Secured Claims"), in response to the question, "Do any creditors have priority unsecured claims against you?" Defendant answered "no."

**Schedule E/F: Creditors Who Have Unsecured Claims**                            12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

**Part 1:   List All of Your PRIORITY Unsecured Claims**

1. Do any creditors have priority unsecured claims against you?
   ☑ No. Go to Part 2.
   ☐ Yes.

(*See* Dkt. No. 26 at 117.) (Highlighting added.) This is plainly false, as even Defendant has not alleged that the four Plaintiffs in the instant case were not his employees who are owed wages. The crux of his motion to dismiss is that they *were* employees who are owed wages—he just does not have to pay them those wages because he filed bankruptcy.

C. **Defendant's bankruptcy petition does not properly list the claim of Plaintiff Hendrickson.**

Debtors are required to identify and list on Schedule F all creditors holding unsecured, nonpriority claims. 11 U.S.C. § 521(a)(1)(A); FED. R. BANKR. P. 1007(a)(1). Setting aside that at least part of Plaintiff Hendrickson's claim against Defendant is a *priority* claim for wages, Defendant's inclusion of Plaintiff Hendrickson as an unsecured creditor on Schedule F is insufficient.

[Excerpt from Schedule F showing entry 4.61 for John P. Hendrickson, c/o Travis Gasper, 1408 N. Riverfront Blvd., Suite 323, Dallas, TX 75207; Last 4 digits of account number 2930; "When was the debt incurred?" blank; Type of NONPRIORITY unsecured claim: Other, Specify: Lawsuit; "tForUnknown" notation highlighted.]

(*See* Dkt. No. 26 at 147.) (Highlighting added.) Defendant fails to list the date the debt was incurred and does not identify whether the claim is disputed. Nor does Defendant list the amount of the claim, which begs the question: how can Defendant now claim this debt is discharged and that he owes Plaintiff Hendrickson *nothing*, when Defendant admits he does not even know how much Plaintiff Hendrickson claims he is owed in the first place?

### D.  Defendant's bankruptcy petition completely omits the claims of Plaintiffs Calicchio, Kiser, and Torralba.

The names and claims of Plaintiffs Calicchio, Kiser, and Torralba are not listed Schedule D/F (*see generally* Dkt. No. 26) or on the Creditor Matrix filed with the Bankruptcy Court and which was verified by Defendant. (*See* Dkt. No. 26 at 238–55.) Nor do the names and addresses of Plaintiffs Calicchio, Kiser, or Torralba appear on the Certificate of Notice to which information regarding the meeting of the creditors was sent. (*See* Dkt. No. 29 at 9–12.) Therefore, it is not surprising that their names are nowhere to be found on the list of Creditors available through Public Access to Court Electronic Records (PACER). *See* Ex. A.

Had Plaintiffs Calicchio, Kiser, or Torralba not joined the lawsuit filed by Plaintiff Hendrickson and chosen to be represented by attorney Travis Gasper, to this day they would still have no notice of Defendant's bankruptcy filing, despite what Defendant claims in his motion to dismiss.

**E.     Plaintiffs' claims were not discharged in Defendant's bankruptcy.**

Defendant claims that his "bankruptcy was discharged as to all claims against him, including Plaintiffs['] claims in this suit, which were included in such discharge." (Dkt. No. 29 at 3.) But that is not accurate. The Order of Discharge clearly states that "[s]ome debts are not discharged," and that "[e]xamples of debts that are not discharged" include "some debts which the debtor[ ] did not properly list." (*See* Dkt. No. 26 at 3.)

In the instant case, the claims of Plaintiff Hendrickson was not properly listed by Defendant on Schedule E/F. The claims of Plaintiffs Calicchio, Kiser, and Torralba were omitted entirely by Defendant on Schedule E/F, do not appear anywhere on the Certificate of Notice to which the notice of the meeting of creditors was sent, and do not appear anywhere on the Certificate of Notice to which the Order of Discharge was sent. *See* Ex. B. Further, as stated in bold face on the discharge order these Plaintiffs never received:

> This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

*See* B at 2.

Anyone reading the Bankruptcy Court filings would reasonably conclude that Plaintiffs' claims were not discharged, as neither the names or claims of three of four Plaintiffs even appear at all in the Bankruptcy Court filings. Thus, it is clear that multiple official Bankruptcy Court forms did not list sufficiently list Plaintiff Henrickson as a creditor of Defendant subject to discharge, and did not list at all Plaintiffs Calicchio, Kiser, and Torralba as creditors of Defendant subject to discharge. The fault

here lies with the Defendant and his bankruptcy counsel, not the four Plaintiffs who are only asking Defendant to pay them for they work they already performed and for which Defendant profited from.[2]

## IV.   CONCLUSION

Because Plaintiffs' claims were not properly included in—let alone discharged by—Defendant's bankruptcy, the Court should deny Defendant's motion and retain the case on the Court's docket.

Dated: April 25, 2024.                    Respectfully submitted,

**GASPER LAW PLLC**

By:   */s/ Travis Gasper*
      Travis Gasper
      Texas Bar No. 24096881
      1408 N. Riverfront Blvd., Suite 323
      Dallas, Texas 75207
      Phone: (469) 663-7736
      Email: travis@travisgasper.com

**ATTORNEY FOR PLAINTIFFS**

---

[2] Defendant profited nicely from the work performed by the four Plaintiffs in this case, as well as other employees who Defendant also did not pay as required by the FLSA and Texas Labor Code but whose claims are now barred by the statute of limitations. Defendant reported gross income of $211,456 in 2021, $179,131 in 2022, and $90,676 in 2023. (*See* Dkt. No. 26 at 221.) Compare that to the $26,305.10 in back wages these four Plaintiffs are asking to be paid by Defendant. (*See* Dkt. No. 14 at 4.) Indeed, "it's good to be the king." HISTORY OF THE WORLD, PART 1 (Mel Brooks, 1981).