UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | No. 3:22-cv-2930-S-BN |
| RYAN SETTY-O'CONNOR, | | |
| Defendant. | | |

_____

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
_____

**COMES NOW**, Defendant Ryan Setty-O'Connor, by and through his attorney, Joslyn Smith of the Law Office of J.R. Smith, PLLC, files and presents this Reply and asserts the Plaintiffs most recent Amended Petition fails to state a claim in which relief can be granted (See Doc 25), and further asserts that Plaintiffs' Response (See Doc 33), which was literally filed in the 11th hour, fails to adequately address or rebut Defendant's Motion to Dismiss.

**REPLY TO PLAINTIFF'S RESPONSE**

A. **There are no factual inaccuracies in Defendant's Motion to Dismiss, as per Plaintiffs' Response.**

In Plaintiffs' Response, the allegations of factual inaccuracies are raised. Further those specific allegations are pertaining to issues beyond the scope of this lawsuit. However, because that "door was opened" Defendant replies as follows:

As to Section B of the Response, the issue raised by Plaintiff is that of a technical deficiency as characterized by Plaintiff.  Defendant's 12(b)(6) Motion states that Plaintiffs claims have no basis for relief because the unpaid wages are debts of the employer MerLux, and those were discharged.

To further drive this point home, Plaintiff makes the claim that "wages, salaries, or commissions up to $15,150 for each employee, earned within 180 days before the date of filing" become a 4th priority secured claim. (See Doc. 33, page 3, Subsection B) Defendant Ryan Setty O'Connor does not owe anyone wages.  Rather, Plaintiffs former employer, MerLux Pools, is the entity who owes employee's the wages.  Further, besides citing statute, Plaintiffs' have not provided any information proving that they meet the protection offered under this statute by stating or showing that the Plaintiffs were employed within 180 days of the bankruptcy filing.

On December 15, 2022, the Plaintiffs' former employer, MerLux Pools, LLC, filed for Chapter 7 bankruptcy.

Too late to file suit against the employer, on December 30, 2022, the Plaintiff(s) file this immediate action against the former owners of MerLux Pools, LLC. (See Doc 1) In this immediate action, Plaintiff(s) make the claim that 2 individuals, the deceased Jared Hall and the Defendant Ryan Setty-O'Connor *are personally liable* for unpaid wages under the FLSA as Plaintiffs' "employers".

**Plaintiff(s) Original Petition** does not make this Court aware of its position as a creditor under the Bankruptcy proceedings.

October 26, 2023, this Court stayed proceedings because of Defendant Ryan Setty O'Connor's bankruptcy proceedings were in progress. Plaintiffs were **very well aware of the deadline** for objecting to Defendant's bankruptcy discharge as Doc 19 was filed on December 15, 2023, just three (3) days before the deadline published in this filing.

On February 13, 2024, in Doc 20, Plaintiff makes this Court aware of the Discharge of Defendant's bankruptcy that occurred on December 21, 2023. This matter should have been administratively closed after the filing of this status report.

**B. Plaintiffs' Counsel Failed to Adequately Challenge his client's claims during the Bankruptcy proceedings and this immediate action is not an adequate remedy for such failures. (Reply to Subsection C and D.)**

As referenced above, the deadline for objecting to the discharge of Defendant's debt, which included this immediate action, was December 18, 2023. On December 21, 2023, the bankruptcy court approved the trustee's report and discharged the debts and the trustee.

Plaintiffs' counsel conveniently failed to discuss the failure on his part to use the creditor's 341 hearing as well as other judicial tools necessary to secure his clients claims or even protest that those claims were of a protected class. Respectfully, this Court's does not have the authority to re-adjudicate the technical issues or proceedings under an already discharged bankruptcy proceeding.

C. **Doc 26, page 3 does not prove Plaintiffs' debt was not discharged.**

Plaintiffs' counsel was aware of all bankruptcy proceedings and filings, including the discharge. This is evidenced not only by court records, but the 3 status reports Plaintiffs provided. Further, a generic form letter attached to a bankruptcy discharge does not prove or provide proof that the Plaintiffs debt was *not* discharged. Again, respectfully, this Court and this immediate action are not the appropriate venue for recovery of Plaintiffs claims and Dismissal is warranted. Failure of Counsel to adequately protect his client's claims in the bankruptcy proceedings cannot be corrected here.

   D. **Plaintiffs have failed to pierce the corporate veil in order to make Defendant Ryan Setty-O'Connor personally liable.**

Despite the Bankruptcy Discharge of the Plaintiffs claims as unsecured creditors, Plaintiffs have failed to properly plead or show that Defendant is the proper party liable for these claims. The debts, obligations, and other liabilities of a limited liability company (LLC) are generally its own. A member or manager is not liable for an LLC's debts, obligations, and liabilities unless the company agreement provides otherwise, and a member cannot be named as a party in an action involving the LLC unless the action is brought to enforce the member's right against or liability to the LLC (Tex. Bus. Orgs. Code Ann. §§ 101.114 and 101.113).

The Texas Supreme Court has held that an LLC member can be personally liable for civil penalties assessed against the member for actions the member takes as an LLC employee **if the member's personal actions violate a statute that provides for individual liability** (see *State v. Morello*, 547 S.W.3d 881, 887-88 (Tex. 2018) (finding that, although the LLC owned the subject property, its single member could be held personally liable for violations of environmental legislation based on the language of the Texas Water Code and the member's personal conduct)).

In 2011, the Texas legislature applied the BOC's corporate veil piercing provisions to LLCs (Tex. Bus. Orgs. Code Ann. § 101.002 and see *Shook*, 368 S.W.3d at 613-14).  To pierce the corporate veil and hold an LLC's manager or member personally liable for an LLC's obligation, **a plaintiff must do more than show that the LLC was used as an alter ego** (*Correct Rx Pharm. Servs., Inc. v. Cornerstone Automation Sys., LLC*, 2018 WL 10396249, at *3 (N.D. Tex. Apr. 16, 2018)).

To find a member or manager liable for the LLC's contractual obligations, a plaintiff must show: (1) That the member or manager used the LLC for perpetrating and did perpetrate an actual fraud against the plaintiff for the direct personal benefit of the member or manager. (2) Dishonesty of purpose or intent to deceive. (*Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co*., 410 S.W.3d 889, 896-97 (Tex. App.—Dallas 2013, no pet.), abrogated on other grounds by *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019), and *U.S. KingKing*, 555 S.W.3d at 217.)

Plaintiffs have failed to plead or show, nor can Plaintiffs show that Defendant Ryan Setty-O'Connor (1) used the LLC for perpetrating and did perpetrate an actual fraud against the plaintiffs for the direct personal benefit of the member or manager nor (2) dishonesty of purpose or intent to deceive. Plaintiff has had ample time to develop its case and has failed to amend or even plead properly the standards necessary to hold Defendant liable. As such, Defendant cannot be held responsible for the debts of the employer LLC, MerLux, and this case must be dismissed as a matter of law.

## PRAYER

Ryan Setty O'Connor prays that this Court finds that due to Plaintiffs' lack of action in the bankruptcy proceeding to preserve or exempt their claim, and because the bankruptcy of Ryan Setty O'Connor was discharged, that this case be dismissed with prejudice for failing to state a claim in which relief can be granted.

Date: May 8, 2024

Respectfully Submitted,
/s/ Joslyn R. Smith
Joslyn R. Smith
State Bar No.: 24117080
Law Office of J.R. Smith
4805 Neptune Court,
Flower Mound, Texas 75022
682-900-1799 (telephone)
js@lojrs.com (email)
Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that on May 8, 2024, I electronically filed the foregoing document with clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division of Texas, using the electronic filing system of the court, PACER and included all parties and their counsel of record.

/s/ Joslyn R. Smith
Joslyn R. Smith