IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBAWESCO, | § § § § | |
| Plaintiffs, | § § | |
| V. | § | No. 3:22-cv-2930-S-BN |
| RYAN SETTY-O'CONNOR, | § § § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 12, the Court, exercising its sound discretion, stayed and administratively closed it on October 16, 2023, because the claims against Defendant Ryan Setty-O'Connor ("O'Connor") were subject to 11 U.S.C. § 362(a)'s automatic stay and protections, *see* Dkt. No. 18 (citing O'Connor's filing a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Case No. 23-42882-elm7).

The Court subsequently lifted that stay and directed to the Clerk of the Court to reopen the case as of February 23, 2024. *See* Dkt. No. 24.

And, through an amended complaint filed the same day, Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba assert claims under the Fair Labor Standards Act and the Texas Labor Code against O'Connor. *See* Dkt.

No. 25.

O'Connor moves to dismiss those claims under Federal Rule of Civil Procedure 12(b)(6), arguing that they are barred by a bankruptcy discharge. *See* Dkt. No. 29. Plaintiffs responded, urging the Court to find that the claims at issue were not discharged. *See* Dkt. No. 33. And O'Connor replied, reasserting his discharge argument and advancing a new reason for dismissal. *See* Dkt. 34.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion to dismiss without prejudice to its substance being litigated at a subsequent step in this proceeding.

## Discussion

Through the motion to dismiss, O'Connor argues that the December 20, 2023 discharge from Chapter 7 bankruptcy bars Plaintiffs' claims as a matter of law because they "failed to take any actions to preserve them" during the bankruptcy proceeding. Dkt. No. 29 at 3 (citing 11 U.S.C. § 524).

Plaintiffs, relying on 11 U.S.C. § 523(a)(3) (which they erroneously cite as 11 U.S.C. § 523(a)(2)(A)), respond that the discharge does not apply because the debts at issue were not listed or not listed properly:

> In the instant case, the claims of Plaintiff Hendrickson [were] not properly listed by Defendant on Schedule E/F. The claims of Plaintiffs Calicchio, Kiser, and Torralba were omitted entirely by Defendant on Schedule E/F, do not appear anywhere on the Certificate of Notice to which the notice of the meeting of creditors was sent, and do not appear anywhere on the Certificate of Notice to which the Order of Discharge was sent. Further, as stated in bold face on the discharge order these Plaintiffs never received:
>> This information is only a general summary of the bankruptcy discharge. There are exceptions to these

> general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.
>
> Anyone reading the Bankruptcy Court filings would reasonably conclude that Plaintiffs' claims were not discharged, as neither the names [nor] claims of three of four Plaintiffs even appear at all in the Bankruptcy Court filings. Thus, it is clear that multiple official Bankruptcy Court forms did not list sufficiently list Plaintiff Hendrickson as a creditor of Defendant subject to discharge, and did not list at all Plaintiffs Calicchio, Kiser, and Torralba as creditors of Defendant subject to discharge. The fault here lies with the Defendant and his bankruptcy counsel, not the four Plaintiffs who are only asking Defendant to pay them for they work they already performed and for which Defendant profited from.

Dkt. No. 33 at 5-6 (cleaned up).

And O'Connor replies that this lawsuit was filed because Plaintiffs' counsel failed to adequately challenge his clients' claims during the bankruptcy proceeding, that this action is not an adequate remedy for this failure, and that Plaintiffs have not proven that their debt was not discharged – and O'Connor argues (for the first time) that, regardless, Plaintiffs failed to pierce the corporate veil and thus show that he is personally liable. *See* Dkt. No. 34.

To start, the Court may not consider an argument for dismissal raised for the first time on reply, so O'Connor's contentions as to corporate veil piercing are not properly before the Court at this time. *See Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments or evidence raised in reply brief); *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply").

And, so, the Court should focus on whether it may dismiss this lawsuit under

Rule 12(b)(6) based on the bankruptcy discharge.

"A Chapter 7 bankruptcy discharge generally frees the debtor from all existing debts, regardless of whether the creditor files a proof of claim." *Salard v. Salard*, 452 F. App'x 588, 590 (5th Cir. 2011) (per curiam) (citing 11 U.S.C. § 727(b)).

That is, "Section 524(a) operates as a permanent injunction, enjoining the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any debt discharged under section 727 as a personal liability of the debtor, whether or not discharge of such debt is waived." *In re Eastman*, 512 B.R. 832, 841 (Bankr. W.D. Tex. 2009) (cleaned up). And, "[l]ike all injunctions, it is self-effectuating, subject to ordinary considerations of notice." *Id.* at 841-42. But "[t]he discharge is not merely an affirmative defense," "[i]t is an affirmative right that is granted by federal law." *Id.* at 842 (cleaned up).

And "[t]he discharge applies to all debts, regardless whether they are listed or not." *Id.* (citing 11 U.S.C. § 727(a); *Matter of Parker*, 313 F.3d 1267, 1268 (10th Cir. 2002)).

But "[t]here is an exception to discharge for certain unlisted debts, found in section 523(a)(3)," and, "like all exceptions to discharge in that section, the burden is on the creditor claiming the exception to bring the action and prove its entitlement." *Id.* (citations omitted); *see also In re Reyes*, Bankr. No. 05-50590, Adv. No. 06-5010, 2007 WL 1040584, at *2 (Bankr. S.D. Tex. Mar. 30, 2007) ("A discharge in a chapter 7 bankruptcy case relieves a debtor from liability for all debts that arose before the date of the filing of the petition except for debts described in Bankruptcy Code § 523.

- 4 -

11 U.S.C. § 727(b). The discharge operates as an injunction against the continuation of an action to collect any dischargeable debt. 11 U.S.C. § 524(a)(2).").

And, in the current posture of this proceeding, the plaintiff-creditors bring amended claims (debts) that the defendant-debtor argues should be dismissed as discharged. And, so, O'Connor moves for dismissal on an affirmative defense, as recognized by bankruptcy courts that have addressed how the dischargability of an unlisted (Section 523(a)(3)) debt should be litigated after a bankruptcy cased has closed:

> Although the bankruptcy court has jurisdiction over all § 523 issues, the exceptions to discharge over which the bankruptcy court has *exclusive* jurisdiction are those defined in § 523(a)(2), (a)(4), and (a)(6). 11 U.S.C. § 523(c)(1); FED. R. BANKR. P. 4004. The bankruptcy court has original, but not exclusive, jurisdiction over disputes related to whether other debts are excepted from discharge. 28 U.S.C. § 1334(b).
>> [D]ebtors can litigate dischargeability after a case is closed by doing one of the following: (1) assert the bankruptcy discharge as an affirmative defense, and the court with jurisdiction over that lawsuit can determine the issue of dischargeability under § 523(a)(3); (2) move to reopen the bankruptcy case under FED. R. BANKR. P. 4007(b) for the purpose of filing a complaint to determine dischargeability; or (3) remove the action from state court to bankruptcy court under FED. R. BANKR. P. 9027 to enforce the discharge injunction of § 524(a) against the creditor.

*Reyes*, 2007 WL 1040584, at *2 (emphasis in original; quoting *In re Toussant*, 259 B.R. 96, 101 (Bankr. E.D.N.C. 2000)).

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

And, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up).

"Stated another way, the defendant is not entitled to dismissal under [either Rule 12(b)(6) or Federal Rule of Civil Procedure] 12(c) unless the plaintiff has pleaded herself out of court by admitting to all of the elements of the defense." *Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) (cleaned up).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)

(quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*; *cf. Collins*, 224 F.3d at 499 ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

And "documents used to support a defendant's affirmative defense appear not to fall within [this] exception." *In re Northstar Offshore Grp.*, 616 B.R. 695, 710 (Bankr. S.D. Tex. 2020) (quoting *Xtreme Power Plan Trust v. Schindler (In re Xtreme Power Inc.)*, 563 B.R. 614, 629 (Bankr. W.D. Tex. 2016)); *see also Anderson v. Octapharma Plasma, Inc.*, No. 3:19-cv-2311-D, 2020 WL 7245075, at *7 (N.D. Tex. Dec. 9, 2020) ("[T]he Consent Forms are not 'central' to plaintiffs' negligence claim because they are not 'necessary to establish' any of the essential elements of the claim. In fact, as set out in their motions, defendants rely on these forms solely as a

defense to plaintiffs' negligence claim. Accordingly, the court will not consider them in deciding whether to dismiss plaintiffs' negligence claim." (citations and footnotes omitted)); *Douglas v. Bayview Loan Servicing, LLC*, No. CA 11-00495-KD-C, 2012 WL 345364, at *4 (S.D. Ala. Jan. 13, 2012) ("[T]he documents attached to the defendant's motion are not 'central to the plaintiff[s'] claim,' but are, instead, central to the defendant's affirmative defense … , and therefore, are not covered by this doctrine/exception." (citations omitted)), *rec. adopted*, 2012 WL 345363 (S.D. Ala. Feb. 1, 2012).

So, through the pleadings, Plaintiffs have not pled themselves out of court by admitting to all elements of O'Connor's affirmative defense that Plaintiffs' claims were discharged in bankruptcy.

Nor should the Court attempt to resolve this dispute under Rule 12(b)(6) by taking notice of the bankruptcy court proceedings under Federal Rule of Evidence 201, which it may do at this stage. *See, e.g.*, *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at any stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)). That is because the parties' current briefing does not provide a sufficient roadmap to navigate the intricacies of bankruptcy law.

In sum, the Court should deny the motion to dismiss without prejudice to the parties' ability to litigate this affirmative defense through, for example, an early-filed

motion for summary judgment.

## Recommendation

The Court should deny the motion to dismiss [Dkt. No. 29] without prejudice to its substance being litigated at a subsequent step in this proceeding.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 12, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE