UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>V.<br><br>RYAN SETTY-O'CONNOR,<br><br>　　　Defendant. | § § § § § § § § § § § § | No. 3:22-cv-2930-S-BN |

_____

**DEFENDANT'S FIRST AMENDED ANSWER**
_____

Defendant Ryan Setty-O'Connor ("Defendant") submits the following Answer and Affirmative Defenses to the Plaintiffs' Amended Complaint (Doc 25) filed by Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba, ("Plaintiffs"), answering in numbered paragraphs as set forth below. All allegations no explicitly admitted by Defendant are denied.

**NATURE OF SUIT**

1. No responsive pleading is required by Defendant to Plaintiffs restatement of the Fair Labor Standards Act.

2. Defendant denies all allegations in paragraph 2 of its Amended Petition.

3. Defendant denies all allegations in paragraph 3 of its Amended Petition.

## PARTIES

4. Defendant admits, upon information and belief, that Plaintiff John P. Hendrickson is an individual residing in Texas. Defendant denies all other allegations contained in paragraph 4.

5. Defendant admits, upon information and belief, that Plaintiff Anita Calicchio is an individual residing in Texas. Defendant denies all other allegations contained in paragraph 5.

6. Defendant admits, upon information and belief, that Plaintiff Riley Kiser is an individual residing in Texas. Defendant denies all other allegations contained in paragraph 6.

7. Defendant admits, upon information and belief, that Plaintiff Claudia Torralba is an individual residing in Texas. Defendant denies all other allegations contained in paragraph 7.

8. Defendant admits that Ryan Setty-O'Connor is an individual residing in the State of Texas and has been served with process.

## JURISDICTION AND VENUE

9. The contents of this paragraph constitute legal conclusions to which Defendant is not required to respond.

10. The contents of this paragraph constitute legal conclusions to which Defendant is not required to respond.

11. The contents of this paragraph constitute legal conclusions to which Defendant is not required to respond but admits that venue is proper in the Northern District of Texas.

## COVERAGE UNDER THE FLSA

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

## FACTUAL ALLEGATIONS

17. Defendant admits that he was a member of the entity MerLux Pools, LLC, and denies all other allegations in paragraph 17.

18. Defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph 20.

21. Defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph 21.

22. Defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph 22.

23. Defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph 23.

24. Defendant denies all allegations in paragraph 24.

25. Defendant denies all allegations in paragraph 25.

26. Defendant denies all allegations in paragraph 26.

## CAUSES OF ACTION

## COUNT 1

27. No responsive pleading is required to Plaintiffs reiteration of previous paragraphs, however, to the extent one is required, Defendant denies or has insufficient information associated with previous paragraphs.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

## COUNT 2

31. No responsive pleading is required to Plaintiffs reiteration of previous paragraphs, however, to the extent one is required, Defendant denies or has insufficient information associated with previous paragraphs.

32. Defendant asserts that Plaintiffs allegations constitute a conclusion of law and deny the allegation in paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant asserts that Plaintiffs allegations constitute a conclusion of law and deny the allegation in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. asserts that Plaintiffs allegations constitute a conclusion of law and deny the allegation in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## JURY DEMAND

39. No responsive pleading is required from Defendant to Plaintiffs' jury demand.

## RELIEF SOUGHT

40. No responsive pleading is required from Defendant to this introductory statement.

41. Defendant denies that Plaintiffs are entitled to any damages as sought in paragraph 40, sections "a" through "f".

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant hereby presents its affirmative defenses and other defenses below as follows, without admitting any of the allegations of the Petition or Amended Petition and without assuming any burden of proof with respect to the matters asserted herein that Defendant would not otherwise bear:

1. Defendant was not the employer of the Plaintiffs, but rather the employer was the entity known as MerLux Pools, LLC, and therefore Ryan Setty O'Connor is not the proper Defendant.

2. Plaintiffs have failed to pierce the corporate veil to establish personal liability of Defendant for allegations related to violations of the FLSA and the Texas Labor Code.

3. Defendant's role in the entity MerLux Pools, LLC is limited as a member of the limited liability company; and his involvement was negligible as the deceased co-owner of MerLux Pools, LLC, Ryan Hall, maintained the role of day-to-day operations, the ability to hire and fire, supervise and control work schedules, and kept employment records.

4. Plaintiffs have improperly filed this immediate action for personal liability against Defendant instead of asserting their claims for unpaid wages against their employer, the proper party for wage claims in the active Chapter 7 bankruptcy proceedings of MerLux Pools, LLC, (22-43082-elm7).

5. Plaintiffs failed to timely file their claims for unpaid wages against the employer, MerLux Pools, LLC (22-43082-elm7), despite Plaintiffs knowledge of the MerLux Pools, LLC, bankruptcy proceedings.

6. Pursuant to 11 U.S.C. § 507(a)(4), Plaintiffs claims for unpaid wages earned within 180 days of the bankruptcy petition filing or the cessation of MerLux Pools, LLC are given the status of priority unsecured claims, and these claims are paid before most other unsecured claims. Therefore, Plaintiffs have failed to exhaust their available remedies by failing to identify and make claims in the active bankruptcy proceedings against their employer, MerLux Pools, LLC.

7. Notwithstanding the aforementioned affirmative defenses, as to Plaintiffs' claims of Defendant's alleged violations of the FLSA, asserts that any claims that Plaintiffs have for unpaid wages under

the FLSA fail because Defendant (who was not the employer) did not receive any notice of unpaid wages/overtime from Plaintiffs. If an employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer does not violate the FLSA by failing to provide compensation for the overtime hours. Defendant cannot be held liable for overtime work it did not know about and had no reason to know about.

8. Defendant further asserts that the employment status of Plaintiffs, as alleged in the Amended Petition, is inaccurately portrayed to meet the requirements necessary to seek relief under the FLSA.

9. As to the allegations of Defendant's violations of the Texas Labor Code, Defendant asserts that Plaintiffs have failed to meet the statutory requirements for reporting these violations to the Texas Workforce Commission within 180 days after the wages became due. If an employee fails to file within this period, the claim is barred as untimely.

10. Defendant is not liable for acts, if any, by employees that were not authorized by Defendant.

11. Defendant did not engage in any acts or omissions that were willful, intentional, or with disregard to Plaintiffs and their claims.

12. Defendant reserves the right to amend this Answer and raise additional defenses that may arise during the course of litigation.

WHEREFORE, having fully answered herein, Defendant respectfully requests that the Court dismiss Plaintiffs' Amended Petition and order such relief as the Court deems just and proper.

Date: December 11, 2024

        Respectfully submitted,

        LAW OFFICE OF J.R. SMITH, PLLC

        */s/ Joslyn R. Smith*
        Joslyn R. Smith
        SBN: 24117080
        4805 Neptune Ct.
        Flower Mound, Texas 75022
        682-900-1799 (ph)
        940-289-7827 (fax)
        js@lojrs.com

        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 11, 2024, a true and correct copy of the above and foregoing instrument was served via the Courts ECF notification system to the following:

Travis Gasper
Texas Bar No. 24096881
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
Phone: (469) 663-7736
Email: travis@travisgasper.com

**ATTORNEY FOR PLAINTIFFS**

        /s/ Joslyn R. Smith