IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBAWESCO, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:22-cv-2930-S-BN |
| RYAN SETTY-O'CONNOR, | § § | |
| Defendant. | § § | |

**STANDING ORDER ON REQUESTS FOR
<u>HEARINGS AND ORAL ARGUMENTS</u>**

The Court will decide most motions without a hearing or oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, on its own initiative or on any party's request, may in its discretion schedule oral argument or, where appropriate and required, an evidentiary hearing before ruling on a motion.

To assist the Court in addressing any request as efficiently as possible, a party requesting oral argument (or a non-evidentiary hearing) or an evidentiary hearing must make a separate filing making the request, after conferring with the other parties and counsel in the case. Counsel should not include the request only in the motion itself or in a brief or reply in support of the motion or a response in opposition.

And any request for oral argument or an evidentiary hearing must be filed no later than the date on which the reply in support of a motion is due or, on a non-

dispositive motion governed by the Standing Order on Discovery and Non-Dispositive Motions entered in this case, the date on which the motion and joint report are filed.

With regard to possible oral argument or an evidentiary hearing, the Court notes a trend today in which fewer cases go to trial and in which there are fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The Court encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed to the underlying motion or response. In those instances in which the Court is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The Court understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case.

Even so, the Court believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. The Court encourages all lawyers practicing before the Court to keep this goal in mind.

Additionally, the Court permits a party's or parties' lawyers' splitting an oral

argument (and, for that matter, any presentations at an evidentiary hearing) and encourages, in appropriate cases, doing so with a more junior attorney who may have spent the most hours on the briefing.

SO ORDERED.

DATE: December 13, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE