IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBA | § § § § | |
| Plaintiffs, | § § | No. 3:22-cv-2930-S-BN |
| v. | § § | JURY TRIAL DEMANDED |
| RYAN SETTY-O'CONNOR, | § § § | |
| Defendant. | | |

## JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN

Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba ("Plaintiffs") and Defendant Ryan Setty-O'Connor ("Defendant") (collectively, the "Parties") file this Joint Status Report and Proposed Scheduling Plan pursuant to the Court's December 13, 2024 Order, *see* Dkt. No. 38.

**(a)    A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief), including the amount or form of each type of relief sought and the basis on which the party seeks that relief; and (iii) the issues that will require expert testimony and the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues.**

Plaintiffs filed the instant complaint, Plaintiffs' First Amended Complaint, against Defendant Ryan Setty-O'Connor ("Defendant") on February 23, 2024, *see* Dkt. No. 25. Plaintiffs allege Defendant (I) violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs for all hours worked at the rates required by the FLSA and (II) violated

**JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN                Page 1**

the Texas Labor Code and Texas Payday Law by failing to pay minimum wages and to pay in full Plaintiffs who were discharged from employment.

(i)    The Parties dispute:

    a.    whether Defendant was Plaintiffs' employer under the FLSA;

    b.    whether Plaintiffs Kiser and Torralba were misclassified as exempt employees under the FLSA based on their job duties;

    c.    whether Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs overtime compensation;

    d.    whether Defendant's failure to pay overtime compensation to these employees was reasonable nor was the decision not to pay overtime made in good faith;

    e.    whether Defendant is liable for Plaintiff's unpaid overtime wages in an amount equal to one-and-one-half times their rate of pay, plus liquidated damages in an amount equal to the unpaid overtime wages, expert witness fees, attorney's fees, costs, and pre- and post-judgment interest at the highest rates allowed by law; and

    f.    whether Defendant failed to pay and has yet to pay Plaintiffs their final paychecks and is liable for Plaintiffs' final pay plus any and all penalties and interest at the highest rates allowed by law.

    g.    whether Defendant has personal liability for Plaintiffs' causes of action under Federal and State laws;

    h.    whether Plaintiffs met the conditions precedent required for proper notice of claims made under Federal and State laws prior to filing suit; and

    i.    the amounts allegedly owed to Plaintiffs for damages, liquidated or otherwise.

**JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN**                    **Page 2**

(ii)    Plaintiffs seek judgment against Defendant as follows:

    a.    An order pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for unpaid back wages and liquidated damages equal in amount to the unpaid back wages found due;

    b.    An order awarding Plaintiffs the taxable costs and allowable expenses of the action;

    c.    An order awarding Plaintiffs attorney's fees;

    d.    An order awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed by law;

    e.    An order awarding Plaintiffs their unpaid wages and penalties and interest under the Texas Labor Code; and

    f.    An order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

(iii)    Should Plaintiffs secure a favorable judgment on liability under the FLSA, Plaintiffs reserve the right to present expert testimony regarding attorney's fees by Plaintiffs' counsel Travis Gasper or another expert on this issue.

**(b)    A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal.**

This Court has jurisdiction over the FLSA claim because the suit arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the Texas Labor Code claim pursuant to 28 U.S.C. § 1367(a) because it forms part of the same case or controversy

**JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN**                    **Page 3**

and arises out of the same facts as the FLSA claim. There have been no challenges to jurisdiction or venue.

**(c)      Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court.**

None currently.

**(d)      A proposed deadline to file motions to amend pleadings and join additional parties.**

The Parties propose the following deadline to file motions to amend pleadings and join additional parties: March 31, 2025.

**(e)      A proposed deadline to file dispositive motions and other pretrial motions.**

The Parties propose the following deadline to file dispositive motions and other pretrial motions: October 31, 2025.

**(f)      A proposed discovery plan, including:**

**i.      An estimate of the time needed for discovery, with an explanation of the reasons for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b).**

The Parties propose that all fact discovery be completed by July 31, 2025.

The Parties anticipate that the subjects on which discovery may be needed include Plaintiffs' factual allegations, including their hours worked, job duties, compensation, and Defendant's alleged role as Plaintiffs' employer; Plaintiffs' alleged damages; Defendant's defenses; and the Parties' designated experts, if any.

The Parties intend to serve written discovery requests, including Interrogatories, Requests for Production, and/or Requests for Admission.

The Parties reasonably expect depositions of Plaintiffs, Defendant, and any

designated experts.

**ii.    An explanation of any issues related to the accessibility (including costs involved in accessing), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, see FED. R. CIV. P. 34(b)(2)(c)(i)-(iii).**

The Parties anticipate that a protective order may be necessary in this case

to protect confidential information, as contemplated under Rule 26(c) of the

Federal Rules of Civil Procedure. The Parties will work together to draft the

agreed protective order, which may contain clawback provisions that

address the protection of privileged and otherwise protected documents.

The Parties currently have no disputes regarding disclosure or discovery of

ESI. The Parties agree to produce copies of ESI material requested in PDF

form. Any disputes regarding disclosure of documents will be attempted to

be resolved informally before involving the Court.

**iii.    A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b).**

The Parties agree that discovery should be conducted in accordance with

the Federal Rules of Civil Procedure and any Scheduling Order entered in

this case. The Parties do not seek to conduct discovery in phases, to limit

discovery to certain issues, or to initially focus on certain subjects or

sources.

**iv.    A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted.**

The Parties agree that these facts can be stipulated and removed from the

scope of discovery:

1.  Venue is properly laid in this District.

2.  The United States District Court for the Northern District of Texas has

jurisdiction over the Parties and the subject matter.

**v.    A discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party, as well as a discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, 25 interrogatories per party, and a limit of thirty Federal Rule of Civil Procedure 36 requests for admission per party should apply in this case. Any party who suggests that these limits should not apply must set forth the reasons for variance from the rules.**

The Parties agree that the presumptive limits should apply in this case.

**vi.    An explanation of any other proposed limitations on discovery.**

The Parties do not propose any other limitations on discovery currently.

**vii.    An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in an order.**

The Parties do not currently have any issues relating to a party's claims of

privilege, work product, or other protections.

**viii.    A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery.**

The Parties propose the following deadlines to designate expert witnesses

and exchange written reports:

**JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN**                    **Page 6**

Plaintiffs: May 30, 2025; Defendant: June 27, 2025

> **ix.    An explanation of any other orders that the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rules of Civil Procedure 16(b) and 16(c); and**
>
> The Parties do not request the Court to issue any other orders under Rules 26(c) or 16(b) currently.
>
> **x.    A proposed deadline to complete discovery.**
>
> The Parties propose the following deadline to complete discovery: July 31, 2025.

**(g)    The position of each party regarding mediation or other forms of alternate dispute resolution, including a proposed deadline for the completion of such procedures.**

The Parties are amenable to mediation and propose the following deadline to complete mediation: June 27, 2025.

**(h)    A proposed trial date and an explanation of whether a jury has been demanded.**

Plaintiff has made a timely jury demand.

**(i)    Any other matters relevant to the status or disposition of the case.**

None currently.

**(j)    Whether the parties will consent to the magistrate judge conducting all further proceedings, including a trial (either jury or non-jury) and entry of a final judgment.**

The Parties do not consent to a trial before a U.S. Magistrate Judge.

Respectfully submitted,

**GASPER LAW PLLC**                          **LAW OFFICE OF J.R. SMITH, PLLC**

*/s/ Travis Gasper*                          */s/ Joslyn R. Smith (with permission)*
Travis Gasper                               Joslyn R. Smith
Texas Bar No. 24096881                      SBN: 24117080
1408 N. Riverfront Blvd., Suite 323         4805 Neptune Ct.
Dallas, Texas 75207                         Flower Mound, Texas 75022
Phone: (469) 663-7736                       682-900-1799 (ph)
Fax: (833) 957-2957                         940-289-7827 (fax)
Email: travis@travisgasper.com              js@lojrs.com

**ATTORNEY FOR PLAINTIFFS**                  **ATTORNEY FOR DEFENDANT**