IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBAWESCO, | § § § § | |
| Plaintiffs, | § § § | |
| V. | § § | No. 3:22-cv-2930-S-BN |
| RYAN SETTY-O'CONNOR, | § § § | |
| Defendant. | § | |

# INITIAL SCHEDULING ORDER

In this lawsuit that United States District Judge Karen Gren Scholer referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 12, Defendant Ryan Setty-O'Connor ("O'Connor") answered Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba's amended complaint, *see* Dkt. Nos. 25 & 36, after the undersigned recommended that O'Connor's motion to dismiss be denied without prejudice to its substance being litigated at a subsequent step in this proceeding, *see* Dkt. No. 35.

And, after reviewing the parties' joint status report under Federal Rule of Civil Procedure 26(f) [Dkt. No. 43], the Court enters this initial scheduling order under the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rule of Civil Procedure 16(b).

1. **Joinder of Parties**

Any motion for leave to join additional parties must be filed by **March 31,**

**2025**.

2.  **Amendment of Pleadings**

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Federal Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Accordingly, unless Rule 15(a)(1) permits an amended or supplemental pleading to be filed without leave, or an amended or supplemental pleading is filed with the opposing party's written consent, a motion for leave must be filed to amend or supplement pleadings by **March 31, 2025**.

The Court generally will grant a timely-filed motion for leave to amend as a matter of course absent a showing of undue prejudice or futility. *See* FED. R. CIV. P. 15(a). But no amendments will be allowed after this deadline except on a showing of good cause. *See* FED. R. CIV. P. 16(b)(4).

Any motion for leave to amend a pleading must include both a clean version of the proposed amended pleading and a version in which all new or deleted language in the proposed amended pleading is noted by using a program's redline function or through underlining, brackets, highlighting, and the like. *Accord* N.D. TEX. L. CIV. R.

15.1.

3. **Expert Witnesses**

Under Federal Rule of Civil Procedure 26(a)(2)(D), a party who intends to offer evidence from an expert witness for any purpose other than "solely to contradict or rebut evidence on the same subject matter identified by another party" must designate the expert witness(es) by **August 4, 2025**. A party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must designate the rebuttal expert witness(es) by **September 2, 2025**.

The designation of experts must comply with the provisions of Federal Rule of Civil Procedure 26(a), including the preparation of a written report signed by the expert. But a written report is only required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). If, under Federal Rule of Civil Procedure 26(a)(2)(B), an expert report is not required, the designation must comply with Federal Rule of Civil Procedure 26(a)(2)(C)'s requirements.

Any motion challenging, seeking to disqualify, or otherwise related to a designated expert witness or his or her designation or testimony must be filed by **October 31, 2025**.

4. **Discovery**

If not already made, initial disclosures complying with Federal Rule of Civil

Procedure 26(a)(1) must be made by **February 7, 2025**.

All discovery must be initiated in time to be completed by **October 1, 2025**. This includes the use of subpoenas to obtain documents from third parties under Federal Rule of Civil Procedure 45 and the supplementation of discovery responses as required by Federal Rule of Civil Procedure 26(e). (But this order does not relieve any party of the Rule 26(e)(1) obligation to supplement or correct a disclosure or response if the party learns after **October 1, 2025** that, in some material respect, a prior disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.)

The presumptive limit of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party will apply in this case. *See* FED. R. CIV. P. 30(a)(2)(A)(i) & 33(a)(1). Additionally, no party may serve more than thirty Federal Rule of Civil Procedure 36 requests for admission without leave of court for good cause shown. For purposes of this limitation, a single request for admission must be limited to a single statement or matter that the serving party seeks for the responding party to admit. *See* FED. R. CIV. P. 36(a)(2) ("Each matter must be separately stated."). No other limitations on discovery are imposed at this time.

Any motion to compel discovery or for a protective order must be filed by the later of (1) **September 17, 2025** or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery

responses, or production of documents or electronically stored information must be filed by **October 6, 2025**.

Any motion to quash or for protective order relating to a deposition that is filed in less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

And, under Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must

promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

5. **<u>Mediation</u>**

Mediation of this case must be completed by **June 27, 2025**.

In advance of this deadline, the Court may, if appropriate, refer the parties to mediation or a settlement conference with a magistrate judge or may convene a status conference with the parties to discuss such a referral. But the parties should advise the Court immediately if they believe that their settlement discussions and negotiations would, in advance of any action by the Court, benefit from a referral to mediation, a settlement conference, or any other form of alternative dispute resolution. *See* N.D. TEX. L. CIV. R. 16.3 ("Settlement. a. Settlement Negotiations. Parties in a civil action must make good-faith efforts to settle. Settlement negotiations must begin at the earliest possible time, well in advance of any pretrial conference. b. Settlement Conferences. A judge will be available for settlement discussions. In nonjury cases the presiding judge will not discuss settlement figures unless requested to do so by all concerned parties.").

No later than 7 days after the mediation is completed, the parties must file a joint status report that is limited to advising the Court that the case did or did not

settle.

6. **<u>Dispositive Motions</u>**

All dispositive motions must be filed by **October 31, 2025**.

Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleading's document number on the Court's docket. Additionally, except to the extent that any requirement is modified herein, any motion for summary judgment must comply with the requirements of Northern District of Texas Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6.

The moving party must (1) bracket in the margin of each document in the appendix or (2) place a text box around or (3) otherwise highlight the portions of the document on which the movant relies, and, when citing record materials in its brief,

the moving party must support each assertion by citing each relevant page of its appendix.

No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R. 56.2(b).

If a motion for summary judgment is timely filed, the Court will establish a summary judgment briefing schedule by separate order. Ordinarily, the Court will grant the non-movant 30 days to file a response, and the movant will then be granted 15 days to file a reply.

The United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case under 28 U.S.C. § 1332,

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;

- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,

- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.\* (5th Cir. 2019).

The Fifth Circuit has also long held that district courts can and should do their own fact-finding and final determinations on their subject-matter jurisdiction over a case at any stage, including before summary judgment. *See Dillon v. Rogers*, 596 F.3d

260, 271 (5th Cir. 2010) ("Judges have the power to resolve certain threshold issues without the participation of a jury before the adjudication of a case on its merits. For example, when subject matter jurisdiction over a case turns on disputed facts, judges have the power to resolve these disputes in assuring themselves of their courts' jurisdiction."); *Edwards v. Associated Press*, 512 F.2d 258, 262 n.8 (5th Cir. 1975) ("Consideration of affidavits and, where necessary, the taking of testimony are appropriate means for resolving jurisdictional disputes.").

And, when district courts determine "the existence of subject matter jurisdiction in fact," the courts do not proceed under the strictures, burdens, or standards that apply to motions under Federal Rules of Procedure 12(b)(6) and 56, such as attaching "presumptive truthfulness … to [a] plaintiff's [or removing defendant's] allegations." *Chatham Condo. Associations v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) (cleaned up). A district court is instead "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case"; "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"; and the party invoking the federal court's jurisdiction "will have the burden of proof that jurisdiction does in fact exist." *Id.* (cleaned up).

To comply with this governing law, in a diversity case under 28 U.S.C. § 1332, the party invoking the federal court's jurisdiction must include, in any summary judgment motion or response that the party files, evidence that is at least sufficient to support a jury finding of the citizenship of each party but – better yet (to the extent

there is a difference in degree here) – evidence that is sufficient for the court to evaluate and determine on its own the citizenship of each party. The party invoking the federal court's jurisdiction must also include, in any summary judgment motion or response that the party files, a section of its supporting brief that addresses the necessary jurisdictional facts regarding each party's citizenship under Section 1332(a) and the supporting evidence submitted to support the Court's determinations.

Except as provided in the Court's briefing order or supplemental scheduling order entered in connection with the motion for summary judgment, no supplemental pleadings, briefs, or summary judgment evidence or other documents will be allowed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). "There is no need to make a separate motion to strike." FED. R. CIV. P. 56 advisory committee's note to 2010 amendments; *accord Adams v. Untied Assoc. of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. of the U.S. & Canada, AFL-CIO, Local 198*, Civ. A. No. 98-400-JWD-RLB, 2020 WL 1856191, at * (M.D. La. Apr. 13, 2020) ("For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting

to evidentiary offerings at trial.").

The Court will not consider a separate motion to strike evidence, fact statements, or briefing offered in support of or in opposition to summary judgment. The Court will summarily deny without prejudice any motion to strike filed in violation of these directions.

The parties instead must include any objections to evidence, fact statements, or briefing offered in support of or in opposition to a motion for summary judgment within their briefs (including reply briefs) in support of or in opposition to a motion for summary judgment.

If a party includes objections in a response in opposition to a motion for summary judgment, any response to the objections must be included in the reply brief in support of the motion for summary judgment, and no reply in support of the objections is permitted.

If a party includes objections in a reply brief in support of a motion for summary judgment, any response to the objections must be made in a separate brief that does not exceed 10 pages in length, excluding any table of contents and table of authorities, and that must be filed by no later than 14 days after the date of filing of the reply brief in support of a motion for summary judgment, and no reply in support of the objections is permitted.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer.

If a motion to dismiss becomes moot due to the filing of an amended pleading,

the moving party must notify the Court immediately.

7. **Motions Not Otherwise Covered**

A party must file a motion not otherwise covered by this order by no later than **October 31, 2025**.

This deadline does not apply to motions in limine (other than motions related to an expert witness) or to objections filed under Federal Rule of Civil Procedure 26(a)(3), which must be filed no later than the deadlines to be established by an order setting trial-related deadlines to be issued later.

8. **Compliance with Standing Order**

All discovery-related motions, pleading disputes, and other non-dispositive motions must comply with the Standing Order on Discovery and Non-Dispositive Motions entered in this case.

9. **Modifying Deadlines**

The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b)(4).

Further, the Court strongly discourages any request to extend the dispositive motions deadline through a motion that is filed later than three business days before the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

10. **Change of Contact Information**

Any attorney or any party who is proceeding *pro se* who changes the attorney's or party's business address or mailing address, e-mail address, telephone number, facsimile number, or name must promptly notify the Clerk of the Court and the Court in writing.

If the attorney or party is a registered user of Electronic Case Files ("ECF"), the attorney or party must, in addition to notifying the Court in writing, promptly follow the procedures in the ECF Administrative Procedures Manual to update the changed address, e-mail address, telephone number, facsimile number, or name.

11. **Noncompliance**

The failure to comply with any part of this order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f). Should any party or counsel fail to cooperate in accomplishing anything required by this order, that party or counsel or both may be subject to sanctions, including dismissal or entry of default.

The Court further informs parties not to include "private or sensitive information in any document filed with the Court unless [it] is necessary to the case." This includes, but is not limited to, social security numbers, taxpayer identification numbers, financial account numbers, minors' names, and dates of birth.

12. **Questions**

Any questions concerning the requirements of this order may be directed to Shakira Todd at (214) 753-2165.

But attorneys and parties should not contact Ms. Todd or the Court's chambers

to ask when a ruling on a motion or other matter can be expected.

And questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

SO ORDERED.

DATE: January 21, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE