IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBA, | § § § § | |
| Plaintiffs, | § § | No. 3:22-cv-2930-S-BN |
| v. | § § | JURY TRIAL DEMANDED |
| RYAN SETTY-O'CONNOR, | § § § | |
| Defendant. | § | |

## JOINT REPORT AND MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba ("Plaintiffs") and Defendant Ryan Setty-O'Connor ("Defendant") (collectively, the "Parties") respectfully submit this Joint Report in response to the Court's Order Directing Filing of Dismissal and Related Papers Based on Settlement and Staying Deadlines. Dkt. No. 46. The Parties jointly request that the Court enter an order: (1) approving the Settlement Agreement (attached as Exhibit A), which resolves a bona fide dispute concerning Plaintiffs' entitlement to unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; and (2) dismissing this case with prejudice.

### BACKGROUND

This case involves claims under the FLSA for unpaid wages and related relief.[1] The Parties have engaged in initial discovery and exchanged information pertinent to their respective claims

---

[1] In addition to the FLSA claims, Plaintiffs also brought a claim under the Texas Payday Act, which the Parties voluntarily dismissed by separate stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. No. 51.

and defenses. Through arms-length negotiations conducted by counsel, the Parties reached a comprehensive settlement agreement that fully resolves all outstanding claims. Upon review, the Parties believe the Court will find the Settlement Agreement fair and reasonable.

### I. JOINT REPORT: COURT APPROVAL OF THE FLSA SETTLEMENT IS APPROPRIATE

Although the Fifth Circuit, in *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012), held that judicial approval is not always required where parties are represented by counsel and settle at arm's length, courts in this District routinely approve FLSA settlements when:

(a) The settlement involves structured or installment payments;

(b) Enforcement mechanisms or retention of jurisdiction may be necessary; or

(c) The agreement resolves a bona fide dispute over liability and damages.

Here, the Settlement Agreement provides quarterly installment payments over twelve months and includes enforcement provisions in case of default. Thus, the Parties respectfully request the Court's approval of the FLSA settlement and dismissal of this action with prejudice.

### II. JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

The Court should approve the Settlement Agreement because it resulted from contested litigation, the Parties were represented by experienced counsel, and it represents a fair compromise of disputed issues. The terms are fair and reasonable under the standard in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and consistent with post-*Martin* decisions in this District. *See, e.g.*, *Plunkett v. FirstKey Homes LLC*, No. 3:23-cv-2684-L-BN, 2024 WL 5315330 (N.D. Tex. Nov. 21, 2024); *Herbert v. LTC Delivery LLC*, No. 3:19-cv-1856-X, 2022 WL 1608639 (N.D. Tex. May 20, 2022); *Lee v. Metrocare Servs.*, No. 3:13-cv-2349-O, 2015 WL 13729679 (N.D. Tex. July 1, 2015).

**Legal Standards**

"Under section 216(b) [of the Fair Labor Standards Act], 'when employees bring a private action for back wages under the [Fair Labor Standards Act], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Diaz v. Panhandle Maint., LLC*, No. 2:18-CV-097-Z, 2020 WL 587644, at *2 (N.D. Tex. Feb. 6, 2020) (Kacsmaryk, J.) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

In scrutinizing the settlement, the Court must evaluate whether: (1) the settlement resolves a bona fide dispute under the FLSA and (2) the resolution is fair and reasonable. *Lee*, 2015 WL 13729679, at *1.; *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." (quoting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005))); *Lynn's Food Stores*, 679 F.2d at 1355 (a court can enter a stipulated judgment when it "determine[s] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.").

**Analysis**

**A. Bona Fide Dispute**

A bona fide dispute exists regarding Plaintiffs' hours worked and compensation due. *See Diaz*, 2020 WL 587644, at *2.

"[T]he mere presence of a lawsuit is 'insufficient to satisfy the bona fide dispute requirement.'" *Id.* (quoting *Lee*, 2015 WL 13729679 at *5). "[T]here must . . . be some doubt

regarding whether the plaintiffs will succeed on the merits. 'In essence, the [c]ourt must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear [Fair Labor Standards Act] requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Lee*, 2015 WL 13729679, at *5 (cleaned up) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008)). "[W]hile the Court must give comprehensive consideration to all relevant factors, the [Court's review] must not be turned into a trial or a rehearsal of the trial." *Collins*, 568 F. Supp at 720.

Here, Defendant denies all of Plaintiffs' allegations and asserts that he was not Plaintiffs' employer within the meaning of section 3(d) of the FLSA. *See* 29 U.S.C. § 203(d). If Defendant were to prevail on this argument, Plaintiffs would recover nothing. Assuming, arguendo, that Defendant were found to be Plaintiffs' employer under the FLSA, Defendant contends that Plaintiffs were lawfully compensated for all hours worked at the rates required by the FLSA and were properly classified as exempt or non-exempt for purposes of overtime compensation. At a minimum, Defendant asserts that he made a good faith effort in compensating and classifying Plaintiffs. Accordingly, even if liability were established, Defendant argues that Plaintiffs' claim for liquidated damages would be reduced or eliminated under 29 U.S.C. § 260. Defendant further maintains that Plaintiffs could not prove a willful violation of the FLSA, in which case the statute of limitations would be limited to the default two-year period rather than three years. *See* 29 U.S.C. § 255. Defendant also disputes the number of hours Plaintiffs allegedly worked. If Defendant were to prevail on any one of these defenses, Plaintiffs would recover either nothing or significantly less than the amount they will receive under the Settlement Agreement.

Because there are "doubts about whether [P]laintiffs would prevail on the merits," the Court should find that the Settlement Agreement resolves a bona fide dispute. *See Herbert v. LTC*

*Delivery LLC*, No. 3:19-CV-01856-X, 2022 WL 1608639 (N.D. Tex. May 20, 2022); *see also Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2014 WL 7332551, at *3 (N.D. Tex. Nov. 12, 2014) (Ramirez, J.) (finding "a bona fide dispute regarding whether the overtime compensation [was] owed" where "one of the focal points of contention, i.e., whether Plaintiffs were employees, ha[d] not yet been resolved"), *report and recommendation adopted in part*, No. 3:11-CV-2743-O, 2014 WL 7336889 (N.D. Tex. Dec. 24, 2014) (O'Connor, J.)

As a result, there is a bona fide dispute as to Plaintiffs' ability to recover any alleged unpaid wages—let alone liquidated damages, attorneys' fees, or costs. The Settlement Agreement represents a fair and reasonable compromise of that bona fide dispute.

**B. Fair and Reasonable**

In evaluating the Settlement Agreement, the Court must consider six factors:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

In "considering these factors, the court also should keep in mind the presumption in favor of finding a settlement fair and the overring public interest in favor of settlement." *Lee*, 2015 WL 13729679, at *3 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The Settlement Agreement here was the result of negotiations between the Parties' counsel. Each party was represented by experienced attorneys, and the settlement was reached through arms-length negotiations. Under these circumstances, courts in this Circuit routinely find a lack of fraud or collusion. *See Cunningham v. Kitchen Collection, LLC*, No. 4:17-CV-770, 2019 WL 2865080, at *2 (E.D. Tex. July 3, 2019) (quoting *Lee*, 2015 WL 13729679, at *5) ("[T]he Court

may presume that no fraud or collusion occurred between counsel in the absence of any evidence to the contrary."). Therefore, the first factor favors a finding that the settlement is fair and reasonable.

As to the second factor, the suit was filed nearly 900 days ago, on December 30, 2022, against two individual defendants. *See* Dkt. No. 1. Attempts to serve Defendant Jared Hall were unsuccessful, and the process server was informed that Mr. Hall had passed away. *See* Dkt. No. 11. Plaintiffs voluntarily dismissed Defendant Jared Hall on October 12, 2023. *See* Dkt. No. 16.

Defendant Ryan Setty-O'Connor was served but failed to file a responsive pleading. *See* Dkt. No. 6. Plaintiffs requested entry of default, which the Clerk entered on January 26, 2023. *See* Dkt. Nos. 8–9. Plaintiffs later learned that Setty-O'Connor had filed a voluntary bankruptcy petition in September 2023, *see* Dkt. No. 17, and the Court ordered the case stayed and administratively closed, *see* Dkt. No. 18.

The Court later lifted the stay and reopened the case, Dkt. No. 24, and Plaintiffs filed an amended complaint on February 23, 2024, *see* Dkt. No. 25. Defendant appeared through counsel and filed a motion to dismiss on March 26, 2024. *See* Dkt. No. 29. Plaintiffs responded, *see* Dkt. No. 33, and the Court ultimately adopted the magistrate judge's recommendation to deny the motion to dismiss, without prejudice to Defendant's ability to reassert his arguments later in the case., *see* Dkt. Nos. 35 & 42.

The Parties filed a joint status report and proposed scheduling plan in January 2025, *see* Dkt. No. 43, and began exchange of initial disclosures and documents.

In March 2025, the Parties began to explore informal resolution. Both sides recognized the significant legal and factual risks they faced, as well as Defendant's limited financial ability to satisfy a judgment. Defendant also reiterated his intent to reassert the arguments raised in his

motion to dismiss. The proposed settlement provides finality and relief to all Parties and eliminates the uncertainty of continued litigation.

Further litigation would require additional discovery, motion practice, and potentially a trial regarding whether Defendant was Plaintiffs' employer, the hours worked by Plaintiffs, Defendant's efforts to comply with the FLSA, and whether Defendant knowingly or recklessly disregarded the FLSA. Recovery would be delayed, put at risk, or eliminated, and costs would increase. Given these risks, coupled with the duration of this case—which has spanned several years without any monetary recovery for Plaintiffs—the second factor strongly favors approval of the Settlement Agreement.

As to the third factor, although this case is only in the early stages of discovery, the Parties have exchanged documents and counsel have engaged in sufficient discussion to review the evidence, evaluate their respective claims and defenses, and engage in informed, arms-length settlement negotiations. Both sides understood that proceeding to trial would be time-consuming and costly. Considering the discovery conducted and the information exchanged, the Parties were able to assess the legal and factual merits of their claims and defenses and participate in meaningful settlement discussions. Therefore, the third factor weighs in favor of approving the Settlement Agreement.

The fourth factor considers obstacles to prevailing on the merits. Based on the discovery conducted to date, counsel for both Plaintiffs and Defendant agree that there is a dearth of records to assist the trier of fact in resolving the claims. As a result, any dispositive motions would likely present genuine issues of material fact, necessitating a trial. Although the legal challenges to Plaintiffs' success on the merits do not affirmatively support the Settlement Agreement, this factor

is "by no means decisive" and does not weigh against it either. *See Jasso v. HC Carriers, LLC*, No. 5:20-CV-212, 2022 WL 16927813, at *4 (S.D. Tex. Oct. 19, 2022).

The fifth factor addresses the possible range of recovery and the certainty of damages. Defendant asserts several defenses, including that he was not Plaintiffs' employer, that Plaintiffs were not misclassified, that they were properly compensated, and that they are not entitled to liquidated damages.

Plaintiffs' settlement amounts were calculated pro rata, based on estimated weekly average compensation and weekly average overtime hours for each plaintiff during the relevant period.

While the total settlement amount represents only a portion of what Plaintiffs might recover at trial, "in light of the uncertainty of the outcome of the litigation, the settlement is reasonable." *Chano v. City of Corpus Christi*, No. 2:17-CV-141, 2019 WL 4247767 at *4 (S.D. Tex. July 11, 2019). Indeed, "settlement is a compromise, a yielding of the highest hopes in exchange for certainty [*14] and resolution." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008).

The total settlement amount and the allocation to each Plaintiff are fair and just, given all known facts and circumstances—including the risk of further delay and the defenses asserted. Accordingly, the fifth factor weighs in favor of approving the Settlement Agreement.

Regarding the sixth factor, both Parties are represented by experienced counsel and had the opportunity to consult with counsel before submitting the Settlement Agreement to the Court. Counsel for Plaintiffs and Defendant are experienced in litigation of this nature, are familiar with the facts and law in this case, and have negotiated settlements in similar matters. Considering the prolonged procedural history and Defendant's continued denial of liability, the resulting settlement is an outcome that few would have predicted.

When reviewing settlements, courts are "entitled to rely upon the judgment of experienced counsel for the parties … [and] absent fraud, collusion, or the like, [courts] should be hesitant to substitute [their] own judgment for that of counsel." *Cotton*, 559 F.2d 1326 at 1330. Therefore, the sixth factor also supports a finding that the Settlement Agreement is fair and reasonable.

Applying the six factors identified by the Fifth Circuit, the Settlement Agreement is both fair and reasonable. Accordingly, the Court should approve the settlement agreement because it resolves a bona fide dispute between the Parties and is fair and reasonable.

### C. Attorneys' Fees

The Court must also assess the reasonableness of the proposed attorneys' fees. *See Lee*, 2015 WL 13729679, at *3. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In FLSA cases such as this, the "customary contingency" is within the range of 35 to 40 percent. *See Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001).

Plaintiffs' counsel seeks 32 percent of the $8,000.00 settlement, or $2,584.65, as attorneys' fees. This amount is less than the 40 percent contingency fee agreed upon by each Plaintiff and is also less than half of the $6,440.00 in attorneys' fees documented in counsel's prior declaration in support of Plaintiffs' motion for default judgment in April 2023. *See* Dkt. No. 14-5. Plaintiffs' counsel has continued to track time spent prosecuting this matter since then, and counsel's hourly rate has increased. Nevertheless, under either a percentage-based or lodestar analysis, an award of attorneys' fees equal to 32 percent of the total recovery is fair and reasonable.

## III.   CONCLUSION

For the reasons stated, the Parties respectfully request that the Court:

A.  Approve the settlement of Plaintiffs' FLSA claims as fair and reasonable;

B.  Dismiss Plaintiffs' claims with prejudice;

C.  Retain jurisdiction to enforce the terms of the settlement agreement, including entry of stipulated judgment in the event of default; and

D.  Grant any further relief the Court deems just and proper.

Respectfully submitted,

| GASPER LAW PLLC | LAW OFFICE OF J.R. SMITH, PLLC |
|---|---|
| */s/ Travis Gasper* | */s/ Joslyn R. Smith (with permission)* |
| Travis Gasper | Joslyn R. Smith |
| Texas Bar No. 24096881 | SBN: 24117080 |
| 633 West Davis Street | 4805 Neptune Ct. |
| Dallas, Texas 75208 | Flower Mound, Texas 75022 |
| Phone: (469) 663-7736 | 682-900-1799 (ph) |
| Fax: (833) 957-2957 | 940-289-7827 (fax) |
| Email: travis@travisgasper.com | js@lojrs.com |
| **ATTORNEY FOR PLAINTIFFS** | **ATTORNEY FOR DEFENDANT** |