# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement (this "Agreement") is made between Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba ("Plaintiffs") and Defendant Ryan Setty-O'Connor ("Defendant") (collectively, the "Parties").

WHEREAS, Plaintiff John P. Hendrickson filed suit seeking damages against Defendant under the Fair Labor Standards Act ("FLSA") in the case styled *John P. Hendrickson, individually and on behalf of all others similarly situated, v. Jared Hall and Ryan Setty-O'Connor*, Case No. 3:22-cv-2930 in the United States District Court for the Northern District of Texas, Dallas Division, on December 30, 2022 (the "Litigation'');

WHEREAS, a notice of consent to become party plaintiff was filed on behalf of Anita Calicchio on December 30, 2022; on behalf of Claudia Torralba on January 26, 2023; and on behalf of Riley Kiser on March 3, 2023;

WHEREAS, Plaintiff John P. Hendrickson filed a notice of voluntary dismissal without prejudice of Defendant Jared Hall on October 12, 2023;

WHEREAS, no class certification motion was filed by Plaintiff John P. Hendrickson;

WHEREAS, Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba filed an Amended Complaint against Defendant Ryan Setty-O'Connor on February 23, 2024, asserting claims under the Fair Labor Standards Act and the Texas Labor Code ("Amended Complaint");

WHEREAS, the Parties filed a stipulation of dismissal of Plaintiffs' Texas Payday Act Claim pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), leaving only Plaintiffs' FLSA claims remaining [*see* Dkt. No. 51];

WHEREAS, Defendant Ryan Setty-O'Connor denies all remaining allegations made the basis of or otherwise raised in the Amended Complaint (the "Claims"), the Parties have knowledge of one another's claims and defenses and have exchanged information underlying those claims and defenses, and the Parties continue to have a bona fide dispute over the number of hours Plaintiffs worked, whether Defendant was an employer within the meaning of FLSA, whether Plaintiffs were misclassified by Defendant as overtime exempt employees, whether Plaintiffs were lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA, whether Defendant's alleged violation of the FLSA was willful, and whether Defendant acted in good faith;

WHEREAS, the Parties seek to resolve the Claims without the expense, delay, uncertainty, and burden of continued litigation and trial;

WHEREAS, Defendant is no longer operating the business that employed Plaintiffs and has no payroll system in place; accordingly, the Parties have agreed that all settlement payments shall be

classified and treated solely as liquidated damages and not wages under the FLSA, and shall be reported as non-wage income via IRS Form 1099.

WHEREAS, the Parties agree to execute this Settlement Agreement only after the Court has approved its terms, and further agree that the "Effective Date" of this Agreement shall be the date on which the last party signs the Agreement following such Court approval.

NOW, THEREFORE, in light of these recitals and in consideration of the promises and mutual covenants set forth in this Agreement, and intending to be legally bound, the Parties agree as follows:

## NO ADMISSION OF LIABILITY

1. Nothing herein shall be construed to be an admission by Defendant of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty. Defendant specifically disclaims and denies any wrongdoing or liability to Plaintiffs.

## PAYMENT

2. Defendant shall pay Plaintiffs the gross amount of $8,000.00 (eight thousand dollars) (the "Settlement Amount"), drawn and allocated in separate checks, payable in four quarterly installments of $2,000.00 each ("Installment Payment"), with the first payment due 10 days after the Effective Date of this agreement. Each individual Plaintiff's pro rata share of the settlement is shown in <u>Exhibit A</u> (the "Settlement Allocation"). This gross amount includes the attorneys' fees to be paid directly to Plaintiffs' counsel, Gasper Law PLLC, following provision of a Form W-9 from the firm.

3. The Parties agree and stipulate that the total Settlement Amount constitutes disputed liquidated damages and is not compensation for time worked or wages due. The business previously operated by Defendant is no longer in existence and has no payroll system through which W-2 wages could be issued. Accordingly, all payments to Plaintiffs shall be made via Form 1099 and treated as non-wage income. Plaintiffs acknowledge and agree to this classification and waive any claim to W-2 treatment of the settlement proceeds.

4. Plaintiffs' individual settlement payment will be paid as 1099 income and will be reported by Defendant to the IRS on a Form 1099. The payment to Gasper Law PLLC of $3,200.00 is for costs in the amount of $615.35 and fees in the amount of $2,584.65. The Parties agree that attorneys' fees and costs in the amount of $3,200.00, which represents 40% of the total settlement, are fair and reasonable under the circumstances. The fees and costs were negotiated as part of a global resolution and reflect the contingency agreement between Plaintiffs and their counsel.

5. Each Party shall be responsible for their respective tax obligations arising from the Settlement Allocation. Plaintiffs shall indemnify Defendant for any employee-side tax liabilities.

Defendant shall indemnify Plaintiffs for any employer-side tax liabilities and for any failure to issue or report the payments as agreed on IRS Form 1099s.

## PAYMENT VIA COUNSEL TRUST ACCOUNT

6. Defendant shall wire transfer each Installment Payment to the trust account of Plaintiffs' counsel, Gasper Law PLLC, at Chase Bank NA, the routing and account number for which shall be provided in writing by Plaintiff's counsel within 5 days of the Effective Date. Within 10 days of receipt of the wire transfer, Plaintiffs' counsel shall distribute the Installment Payment to each Plaintiff as shown in Exhibit A.

7. Plaintiffs hereby authorize Gasper Law PLLC to:
    a. Receive the settlement funds on their behalf;
    b. Distribute payments according to this Agreement;
    c. Retain the agreed-upon attorneys' fees and costs from the settlement.

## FINANCIAL DISCLOSURE AND MONITORING

8. To ensure payment capability, Defendant represents that:
    a. He currently has sufficient assets and/or income to satisfy the Installment Payments according to the agreed schedule;
    b. He is not currently in bankruptcy proceedings or contemplating filing for bankruptcy protection;
    c. He has no knowledge of any judgments, liens, or other obligations that would materially impair his ability to make the Installment Payments.

9. Defendant agrees to provide Plaintiffs' counsel with:
    a. Written notice at least 30 days prior to filing any bankruptcy petition;
    b. Written notice within 10 days of any material adverse change in financial circumstances that might affect payment ability;
    c. Current contact information, including address, phone, and email, with 30 days' notice of any changes.
    d. Failure to provide required notices shall constitute an event of default under this Agreement.

## DEFAULT AND ACCELERATION

10. The following shall constitute events of default:
    a. Failure to make any payment when due after 10 days' written notice;
    b. Filing for bankruptcy without the required 30-day advance notice;
    c. Failure to maintain current contact information;
    d. Material misrepresentation regarding financial capacity.

11. Upon any event of default:
    a. The entire unpaid balance becomes immediately due and payable;
    b. Interest accrues at the rate of 10% per annum from the default date;

    c. Plaintiffs may pursue all available collection remedies;
    d. Defendant shall pay all reasonable attorneys' fees and costs incurred in collection efforts.

## COLLECTION RIGHTS AND PROCEDURES

12.   Upon default, Plaintiffs may:
    a. Seek immediate entry of judgment for the unpaid balance plus interest and fees through the approving Court;
    b. Pursue all collection remedies available under state and federal law;
    c. Conduct post-judgment discovery regarding Defendant's assets;
    d. Seek garnishment of wages, bank accounts, or other assets.

13.   Defendant hereby confesses judgment in favor of Plaintiffs for any amounts due under this Agreement, waiving any further notice or hearing upon proper affidavit of default. This provision shall be effective and enforceable only to the extent permitted by applicable law, and shall not be construed to waive any rights not lawfully waivable.

14.   The Court approving this settlement shall retain jurisdiction for enforcement purposes.

## FAIR AND REASONABLE RESOLUTION

15.   The Parties represent that this Agreement is a fair and reasonable resolution of a bona fide dispute under the FLSA. The Parties have been represented by counsel throughout the negotiation of this Agreement, and the terms have been reached after good-faith, arms-length negotiations. The Parties further agree that the attorneys' fees and costs to be paid to Plaintiffs' counsel are fair and reasonable, were approved by each Plaintiff, and reflect a preexisting contingency agreement.

## RELEASE AND WAIVER

16.   In exchange for the Settlement Payments, Plaintiffs and Plaintiffs' heirs, executors, administrators, and assigns (collectively, the "Releasors") forever waive, release, and discharge Defendant from the Litigation, the Claims, and any and all fees, damages, penalties, costs, liabilities, and expenses (including attorneys' fees) relating to claims, charges, complaints, obligations, causes of action, and suits, whether known or unknown, asserted or not asserted, suspected or unsuspected, which relate in any way to the Claims (the "Released Claims"). This is a full release of all wage and hour claims and wage and hour causes of action of every kind and character related to the Litigation and is to be interpreted liberally to effectuate the maximum protection to Defendant for any type of wage and hour liability.

17.   The Parties agree to jointly file a motion requesting the Court approve this Agreement and dismiss the Litigation with prejudice. The Parties agree that this Agreement will be submitted to the Court for approval as is, without authority to modify any of its provisions, and that such Court approval shall constitute final and binding resolution of the Parties' dispute under the FLSA. In the event that the Agreement is not approved as to all Plaintiffs or the Litigation is otherwise not dismissed with prejudice, the Released Claims shall not be released, the Settlement Payments shall

not be due, and this Agreement shall otherwise be null and void; provided, however, that in the event the Parties agree to a modified agreement and the Court approves such an agreement, then that agreement shall be effective. Any modifications made that are not agreed to by the Parties in writing shall render this Agreement void ab initio and the Parties would be in the same positions had this Agreement never existed.

18. Subject to Paragraph 16, Plaintiffs specifically covenant that the Releasors will not file any suit, complaint, claim, or charge, either on their own behalf or in any representative capacity, in any state or federal court or before any federal, state, or local administrative agency, board, or governing body against Defendant for the Released Claims.

19. Notwithstanding the foregoing, Plaintiffs do not waive, release, or discharge (i) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or with a related state or local agency (although Plaintiffs waive any right to monetary relief for any claims or charges based on the Released Claims); (ii) any rights to vested benefits, such as pension or retirement benefits; or (iii) any claim arising after the Effective Date.

## SUCCESSORS AND ASSIGNS

20. This Agreement shall inure to the benefit of Defendant and his heirs, executors, administrators, and assigns.

## ENTIRE AGREEMENT

21. This Agreement contains all of the understandings and representations between Defendant and Plaintiffs relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

## MODIFICATION AND WAIVER

22. No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by the parties whose rights would be affected by the modification or amendment. No waiver by a party of any breach by another party of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay of a party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

## COUNTERPARTS

23. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original

graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

## CONSTRUCTION

24. Unless this Agreement expressly provides otherwise, each definition herein applies (i) for purposes of this entire Agreement; and (ii) to both the singular and plural forms (and other grammatical variations) of the defined term. Unless the context clearly indicates otherwise, each pronoun herein shall be deemed to include the masculine, feminine, neutral, singular, and plural forms thereof. The terms "including," "includes," "include," and words of like import shall be construed broadly as if followed by the words "without limitation." The terms "herein," "hereunder," "hereof," and words of like import refer to this entire Agreement instead of just the provision in which they are found. This Agreement shall not be construed strictly against the drafter (and any rule of construction to that effect shall not be applied). The term "or" has the inclusive meaning represented by the term "and/or," unless otherwise indicated.

## KNOWING AND VOLUNTARY ACKNOWLEDGMENT

25. Plaintiffs each specifically agree and acknowledge the following:
    a) Plaintiffs have read this Agreement in its entirety and understand all of its terms;
    b) Plaintiffs have consulted with legal counsel as Plaintiffs have deemed necessary prior to entering into this Agreement;
    c) Plaintiffs knowingly, freely, and voluntarily assent to all of the Agreement's terms and conditions including the waiver and release of the Released Claims;
    d) Plaintiffs affirm that they have reviewed and approved the amount of attorneys' fees and costs to be paid from the settlement and are satisfied that the allocation is fair and understand that those fees were calculated as 40% of the total settlement amount pursuant to their signed contingency agreement with counsel;
    e) Plaintiffs are executing this Agreement, including the waiver and release of the Released Claims, in exchange for good and valuable consideration in addition to anything of value to which Plaintiffs are otherwise entitled;
    f) This Agreement, including the waiver and release of the Released Claims, is fully binding and enforceable against Plaintiffs;
    g) No promise or representation of any kind has been made except as is expressly stated in this Agreement;
    h) Plaintiffs own the Released Claims and have not assigned or transferred the same in whole or in part; and
    i) Plaintiffs are not waiving or releasing rights or claims that may arise after the Effective Date of this Agreement.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates below.

**John P. Hendrickson**                                **Ryan Setty-O'Connor**

_____                   _____

Date: _____                    Date: _____

**Anita Calicchio**

_____

Date: _____

**Riley Kiser**

_____

Date: _____

**Claudia Torralba**

_____

Date: _____

**EXHIBIT A: SETTLEMENT ALLOCATION**

| Name | Total Payments | Installment Payment |
|---|---|---|
| John P. Hendrickson | $1,184.64 | $296.16 |
| Anita Calicchio | $710.76 | $177.69 |
| Riley Kiser | $1,252.96 | $313.24 |
| Claudia Torralba | $1,651.64 | $412.91 |
| Gasper Law PLLC | $3,200.00 | $800.00 |
| **TOTAL** | **$8,000.00** | **$2,000.00** |