IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBA, | § § § § | |
| Plaintiffs, | § § | No. 3:22-cv-2930-S-BN |
| v. | § § | JURY TRIAL DEMANDED |
| RYAN SETTY-O'CONNOR, | § § § | |
| Defendant. | | |

## [PROPOSED] ORDER

Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba ("Plaintiffs") sued Defendant Ryan Setty-O'Connor ("Defendant"). In the amended complaint, Plaintiffs alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The parties submitted a joint report and jointly moved for approval of the FLSA Settlement, to dismiss Plaintiffs' claims with prejudice, and to enter final judgment.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). In scrutinizing the settlement, the Court must evaluate whether: (1) the settlement resolves a bona fide dispute under the FLSA and (2) the resolution is fair and reasonable. *Lee v. Metrocare Servs.*, No. 3:13-cv-2349-O, 2015 WL 13729679 at *1; *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due" (quoting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005))); *Lynn's Food Stores, Inc.*

*v. U.S. By & Through U.S. Dept. of Labor, Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982) (a court can enter a stipulated judgment when it "determine[s] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.").

In this case, there are genuine disputes over the number of hours Plaintiffs worked, whether Defendant was an employer within the meaning of FLSA, whether Plaintiffs were misclassified by Defendant as overtime exempt employees, whether Plaintiffs were lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA, whether Defendant's alleged violation of the FLSA was willful, and whether Defendant acted in good faith.

The Court has reviewed the joint report and settlement agreement and finds that the amount to be paid to Plaintiffs and the amount of attorneys' fees provided for in the settlement agreement are fair and reasonable. The Court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA.

The Court GRANTS the parties' joint motion for approval [Dkt. No. 52]. Final judgment will be entered by separate order.

SO ORDERED.

DATE: _____

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE