# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOHN P. HENDRICKSON, ANITA CALICCHIO, RILEY KISER, and CLAUDIA TORRALBA, | § § § § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2930-S-BN |
| RYAN SETTY-O'CONNOR | § § § | |

## ORDER

Plaintiffs John P. Hendrickson, Anita Calicchio, Riley Kiser, and Claudia Torralba brought this lawsuit alleging that Defendant Ryan Setty-O'Connor violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. *See* ECF No. 25. The parties now submit a joint report and jointly move for approval of the FLSA Settlement to dismiss Plaintiffs' claims with prejudice and to enter final judgment. *See* ECF No. 52.

"Under section 216(b) [of the FLSA], 'when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Diaz v. Panhandle Maint., LLC*, No. 2:18-cv-097-Z, 2020 WL 587644, at *2 (N.D. Tex. Feb. 6, 2020) (quoting *Lynn's Food Stores, Inc. v. United States By & Through U.S. Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

"In scrutinizing the settlement, the Court must evaluate whether: (1) the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable." *Lee v. Metrocare Servs.*, No. 3:13-cv-2349-O, 2015 WL 13729679, at *1 (N.D. Tex. July 1, 2015) (cleaned up); *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute

as to the amount of hours worked or compensation due." (quoting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005))); *Lynn's Food Stores*, 679 F.2d at 1355 (a court can enter a stipulated judgment when it "determine[s] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). And "[t]he decision to approve a class action settlement is left to the district court's sound discretion." *Lee*, 2015 WL 13729679, at *1.

In this case, there are genuine disputes over the number of hours Plaintiffs worked, whether Defendant was an employer within the meaning of FLSA, whether Plaintiffs were misclassified by Defendant as overtime exempt employees, whether Plaintiffs were lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA, whether Defendant's alleged violation of the FLSA was willful, and whether Defendant acted in good faith. *See, e.g.*, ECF No. 52 at 3-5.

The Court has also reviewed the joint report and settlement agreement and finds that the amount to be paid to Plaintiffs and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable. *See id.* at 5-9; ECF No. 52-1.

Accordingly, the Court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA, **GRANTS** the parties' joint motion for approval [ECF No. 52], and will enter a separate final judgment.

**SO ORDERED.**

SIGNED June 9, 2025.

_____
**UNITED STATES DISTRICT JUDGE**